SARAH A. HOIT, appellant,

*v.*

NATHAN HOIT, respondent.

1. "If any or either of my children shall enter a *caveat* against this my will, he or they shall pay all expenses of both sides," is a good condition in a will, without a gift over, against a devisee taking real estate under the will.

2. The orphans court having ordered the costs and expenses of litigation, on *caveat* filed, to be paid out of the estate (*Rev. p. 791 § 177*), the widow, who was the legatee of the personal estate charged with the payment of debts and expenses, may have relief against the devisee who filed the *caveat*.

On appeal from a decree advised by Vice-Chancellor Bird, whose opinion is reported in *Hoit* v. *Hoit, 13 Stew. Eq. 478.*

*Mr. Oscar Jeffery*, for appellant.

*Messrs. J. G. Shipman & Son*, for respondent.

The opinion of the court was delivered by

SCUDDER, J.

John G. Hoit, late of the township of Oxford, in the county

of Warren, and state of New Jersey, by last will and testament duly executed, devised and bequeathed to his wife, Sarah A. Hoit, the appellant, certain lands and all his personal property, and she was to pay all his just debts, funeral and other expenses. In subsequent parts of the will he devised severally to his sons, tracts of land for certain estates and on limitations therein contained. The will concludes with this sentence:

"If any or either of my children shall enter a *caveat* against this my will, he or they shall pay all the expenses of both sides."

Nathan Hoit, one of the testator's sons, and a devisee in his will, did enter a *caveat* against the will; the orphans court certified the questions involved in the controversy into the circuit court of the same county, and they were tried upon an issue framed, a verdict found for the proponent, which was certified and returned to the orphans court, and the will admitted to probate. That court made an order concerning the costs, expenses and allowance of counsel fees, under section 20 and section 177 (amendatory of section 169) of the orphans court act, adjudging that the contestant had reasonable cause for contesting the validity of the will, and that the costs and expenses of the litigation as well on the part of the contestant as on the part of the executrix propounding said will for probate, be paid out of the estate of the decedent.

The appellant, who was the executrix named in the will, paid these costs and expenses out of her legacy and portion of the estate, and filed a bill in chancery against the contestant, Nathan Hoit, praying that he might be decreed to pay to her, out of his said devise, or otherwise, all the costs she had been compelled to pay by reason of the costs and expenses in contesting the *caveat* against the said will and testament. To this bill a general demurrer was filed by the defendant, and the demurrer, on hearing, was sustained, and the bill dismissed, with costs. From this decree, advised by the vice-chancellor, the present appeal was taken.

The appellee having taken the benefit of the devise of land to him under the will of his father, there would seem to be no

reason why he should not re-imburse the appellant for the costs and expenses paid by her consequent on the entry of a *caveat* against the will by him, contrary to its expressed condition, and with the consequence therein imposed. The intention of the testator is clearly expressed, that if either of his children, devisees under his will, contested, he shall pay all expenses incurred. There is no room for any other construction. The only question is whether this is a legal condition or restriction in this case.

Conditions in wills against disputing their validity with the consequence of forfeiture of bequests, or devises therein, if broken, have often been considered in the courts with attempts at artificial distinctions between legacies of personal property, and of real estate; and whether there be probable cause for contesting the will, *probabilis causa litigandi;* and any gift over, or not. It is said that conditions subsequent as to gifts of personalty are, in accordance with the rule of the civil law, held to be void, *in terrorem,* merely, if there be no gift over; but if there be a gift over, the condition is good, such gift over being sufficient evidence that they were not meant to be *in terrorem* only. But it has been also held that this doctrine of the necessity of a gift over has never been applied to devises of real estate. *Powell* v. *Morgan,* 2 *Vern.* 90; *Loyd* v. *Spillet,* 3 *P. Wms.* 344; *Morris* v. *Burroughs,* 1 *Atk.* 404; *Bradford* v. *Bradford,* 19 *Ohio St.* 546; *Chew's Appeal,* 45 *Pa. St.* 228; *Jarman on Wills* (R. & T. ed.) 582; 2 *Wms. Exrs.* \*1146; 2 *Redf. Wills* \*298 § 34; *Theobald on Wills* 452–455.

It is not material to determine in this case whether in bequests of personalty the artificial rules above named would be applied in this state, for the appellee is a devisee of real estate, and under the case of *Cooke* v. *Turner,* 15 *M. & W.* 727; *S. C.,* 14 *Sim.* 218, 493, a condition for revocation, if the devisee shall dispute the will, is valid in law.

Upon another and a broader principle of equity, the appellee should not be allowed to defeat the intention of the testator that there should be no litigation over his will at the expense of the estate, or, in this case, at the expense of his widow, the legatee of the portion of his property charged with the payment of debts

and expenses. This is not strictly the doctrine of election be-
tween repugnant gifts, but a rule of equitable construction that
a person cannot accept and reject the same instrument, and that
there is an implied condition that he who accepts a benefit under
it shall adopt the whole by conforming to all its provisions.
This is the rule on which the doctrine of election is founded.
*Hyde* v. *Baldwin, 17 Pick. 303 ; Gretton* v. *Haward, 1 Swans.
409 ; Dillon* v. *Parker, Id. 359, 394; Streatfield* v. *Streatfield,
Cas. t. Talb. 183 ; 1 Lead. Cas. in Eq.* (*W. & T.*) *273 ; 2 Story
Eq. 1077.*

This devisee has opposed the intention of the testator by dis-
puting his will and casting the burden of the expense of litiga-
tion on the estate, thus holding the full amount of his legacy
under the will, without any diminution or compensation for his
breach of this condition. It is not a case of forfeiture by the
terms of the will, but one for compensation out of the fund re-
ceived by him from the testator, which must be met, unless there
be some exception from the above-cited general equitable rule,
by which he may keep what he has received and defy the pur-
pose of the giver. This is said to be the effect of section 177 of
the orphans court act, by which that court made and has ordered
that the costs and expenses of contesting the probate of the will
shall be paid out of the estate of the decedent, and that the pro-
vision of the will, imposing the payment of the costs and the
expenses of the litigation on the contestant, is void because
against this statute and the declared policy of the law. But
conditions in wills trenching on the liberty of the law are de-
scribed to be such as are in general restraint of marriage, trade,
agriculture and the like, in which the state has an interest, and
not as to who shall take under a will, which can only affect
those who are directly concerned. There is no express prohibi-
tion of the disposition of property by will in such terms as the
testator shall see fit to impose, nor can such a purpose be inferred
from the terms of this act. The orphans court may order in all
cases, and in the first instance, by whom the costs and expenses
shall be paid, but, as the will of the testator is only before it
for granting or refusing probate, and there is no jurisdiction to

construe its disposition of property, it has not the power to annul the will in whole or in part. After the order for the payment of costs and expenses has been made and enforced, as has been done in the orphans court in this case, the jurisdiction of a court of equity remains to construe the will and compel the person who has taken a benefit under it to comply with the condition on which he has accepted the bounty of the testator. Full effect is given to this statute by an order made for costs and expenses in all cases where there is no equity in the will itself beyond the control of the court of probate; but if a party be aggrieved by an order made contrary to the provision of the will, as in this case, he may come to a court of equity and obtain relief.

This is the case presented in the bill of complaint to which a demurrer has been filed for want of equity, and the order sustaining the demurrer and dismissing the bill should be reversed, and the demurrer overruled, with costs.

*Decree unanimously reversed.*