EDWARD KAYHART, executor of Wilbur Kayhart, deceased,

*v.*

ADELINE WHITEHEAD et al.

[Decided May 7th, 1910.]

1. Where such is the intent of the will, the words "heirs" and "devisees" will be deemed to mean "legatees" when applied to gifts of personalty, and hence where gifts to certain persons were gifts of personalty or interests therein, but the gifts were given in terms "I give and devise," and the words "devise" and "devisees" were clearly used in the granting clauses of the will as intending to cover interests in personalty and the recipient of such interest, the recipients thereof will be deemed "devisees" within a provision of the will that, if any of the devisees should aid or attempt to prevent the proof of the will, all the expenses of probating it should be taken by the executor from the share of each one so attempting.

2. A provision in a will that if any of the devisees shall aid in an attempt, or attempt to, prevent the proof of the will, the expenses of probating it shall be taken from their shares thereunder, is valid.

3. Evidence *held* to show that certain beneficiaries aided the caveator in an attempt to prevent probate of a will so as to bring them within a provision therein that, if any of the devisees should aid in an attempt to prevent proof of the will, the expenses of probating it should be taken from their shares thereunder.

4. The filing by a beneficiary under a will of an appeal to the prerogative court from a decree of the orphans court, admitting the will to probate, was of itself an attempt to prevent the probate of the will, inasmuch as the jurisdiction of the prerogative court over the probate of wills is original, and upon filing of such appeal the question for decision is not the propriety of the decree below, but the right to the probate of the will; the question being triable *de novo* on the same evidence heard in the lower court or on additional evidence, and the effect of the appeal being to stay the probate so long as the appeal continues.

5. The orphans court may include counsel fees as part of the costs and expenses of the probate of a will which is contested.

Heard on bill, answers, replication and proofs in open court.

*Mr. Charles A. Rathbun,* for the complainant.

*Mr. Elmer King (Messrs. Vreeland, King, Wilson & Lindabury,* solicitors), for the defendants.

EMERY, V. C.

The bill in this case is filed by an executor, who is also the residuary devisee and legatee, against four legatees, to recover or retain from their legacies the expenses of the probate of the testator's will. The amount paid was $4,648.32, and was paid by the executor out of the estate, under the order of the orphans court of Morris county, which admitted the will to probate in contested proceedings upon a caveat filed by George Decker, one of the four legatees, and after the dismissal for want of prosecution, of an appeal to the prerogative court from the decree admitting to probate, the appeal being filed by the defendant Mrs. Adeline Whitehead, a daughter of testator, and also a legatee. The right of the executor to recover is based on the provision in the will which follows the several devises and legacies:

"Seventh. If any of my devisees shall file a caveat against this my Last Will and Testament, or in any other manner, aid, assist, or attempt to prevent the proof of my said will, then I do order that all the expenses of probating my said will be taken by my executor from the share of such one, or ones, as shall file such caveat, or attempt to prevent the proof of this my will."

The word "children" was erased in the will as originally written and the word "devisees" interlined before execution. By his will, clause third, the testator "gave and devised" to his daughter, Adeline Whitehead, $2,000 absolutely, to be selected from his bonds and mortgages, and the further sum of $8,000 also to be selected from said bonds and mortgages, to be held in trust by his executor, to keep invested and pay her the interest during life, and at her death to be divided between her children which survive her. She had two children living at testator's death, and still living, viz., Grace Conklin and Jennie Conklin, both of whom are defendants. To Grace Conklin, his granddaughter, testator also "gave and devised" a house and lot, if not sold by him, but the same was sold and the devise did not take effect. To George Decker, a grandson, and the remaining defendant, the testator "gave and devised" $100.

On behalf of the defendants, two legal objections are made to
the enforcement of the provision of the will against them—*first,*
that they are not "devisees," but "legatees," and are therefore
not within the provision, and *second,* that if applicable to them
as legatees, the provision is nugatory.   Neither objection is well
founded; the first, because it is well settled that where such is
the intention of the will, the words "heirs" and "devisees" are
held to mean "legatees," when applied to gifts of personal prop-
erty.   *Akers* v. *Akers* (*Chancellor Zabriskie, 1872*), *23 N. J. Eq.*
(*8 ·C. E. Gr.*) *26, 31;  Welsh* v. *Crater* (*Chancellor Runyon,
1830*), *32 N. J. Eq.* (*5 Stew.*) *177, 180;  affirmed on appeal, 33
N. J. Eq.* (*6 Stew.*) *362.*

All of the gifts to the several defendants which took effect were
gifts of personal property or interests therein, and the defend-
ants were, therefore, in a strictly legal and technical sense, "lega-
tees," rather than "devisees," but the gift to each of them was
made by the terms "I give and devise," and the words "devise"
and "devisees" were plainly used in the granting clauses of the
will as intended to cover interests in personal property and the
recipient of such interest.   If in the granting clause the defend-
ants' interests were intended to be included by the testator as a
"devise," it would seem to be impossible to hold that the condi-
tion of receiving the "gift and devise" was not equally well im-
posed on them by the description of "devisees."

The second objection, that the provision imposing penalty or
condition, is void or ineffective, has been decided adversely to
defendants' contention by the court of errors and appeals in *Hoit*
v. *Hoit* (*1886*), *42 N. J. Eq.* (*15 Stew.*) *388.*   In that case a
provision "that if any or either of my children shall enter a
caveat against this my will, he or they shall pay all expenses of
both sides," was held valid against a devisee of real estate, not
only as a valid condition subsequent for revocation, but on the
broader equitable ground that a person accepting a benefit under
the will must adopt the will as a whole and conform to all its
provisions.   And the rule was enforced in this case, although it
appeared that in the opinion of the probate court the devisee had
reasonable cause for contest, and all expenses on both sides were,
as in the present case, ordered to be paid by the executor out of

the estate. Repayment by the devisee of these expenses was decreed upon the bill.

George Decker, by whom the original caveat was filed, does not contest this suit, and the principal issue of fact is, whether either or both of the contesting defendants, Mrs. Whitehead or Grace Conklin, did aid, assist or attempt to prevent the probate of the will. It was admitted at the hearing that there is no proof against the defendant Jennie Conklin. It appears by the evidence of Mrs. Whitehead and Grace Conklin that both of them conferred with George Decker, the caveator, and aided or assisted his solicitors of record in the matter of securing or seeing witnesses. The fair conclusion from Mrs. Whitehead's own evidence, as to her connection with Decker's contest, is that either in commencing or continuing the contest, Decker received an assurance or promise from her that if the executor did not pay his legacy of $100, she would be willing to make him a present of it, and that some kind of writing, not now produced, was drawn in connection with this assurance. But the decisive proof of Mrs. Whitehead's participation in the orphans court proceedings against the probate, is the evidence that on the argument of the case in open court which she attended, Irving E. Salmon, who had hitherto appeared formally in the proceedings only as one of several of the counsel for George Decker, the formal caveator, announced to the court that he appeared to argue on behalf of Mrs. Whitehead, against the admission of the will to probate. The statement as to whom he represented seems to have been made at that time, because of an inquiry then made by the court, for the purpose of having the appearances then made a matter of record.

Mrs. Whitehead heard the statement of her counsel, and by reason of it, had the benefit of his argument in her favor against the will. By this appearance on her behalf, she became a party to the proceedings and entitled to be heard. *Bioren* v. *Nesler* (*Vice-Ordinary Walker, 1909*), *76 N. J. Eq.* (*6 Buch.*) *576.* On the decree granting the probate, the record recited that counsel (naming them) appeared and were heard for Decker, the caveator, and for Adeline Whitehead and Grace Conklin, persons interested, and the counsel fees of $2,000 allowed was divided into two

sums of $1,000 each, one to be paid to the solicitors of the caveator, Decker, and Joshua R. Salmon, the other to Messrs. Reed and Salmon (of which Mr. Irving E. Salmon, now deceased, was a member), and Mr. Stilwell, jointly. These were made as allowances to the counsel of "respondents," and I think there can be no question that the court in making the allowances acted on the faith of the statements made by Mr. Irving E. Salmon that he appeared on behalf of Mrs. Whitehead. Decker was a young man of no means, and although it was greatly to his pecuniary advantage that the will should be refused admission to probate, yet he appears to have taken but little personal charge of the litigation, and the course of the trial and proceedings, as well as the evidence in this suit, show, I think, that both Mrs. Whitehead and Mrs. Conklin did aid and assist him in the attempt to prevent the probate of the will by proceedings under the caveat.

As to Mrs. Whitehead, the filing by her of an appeal to the prerogative court from the decree of the orphans court admitting the will to probate, was also, and of itself, "an attempt to prevent the probate of the will." This results from the nature and effect of such appeal, under our probate system. The jurisdiction of the prerogative court in relation to the probate of wills, is an original jurisdiction and not merely appellate, and upon the filing of such appeal against the decree of the orphans court admitting to probate a disputed writing, the question for decision in the prerogative court is, not the propriety of the decree below, but the right to the probate of the will. The question of the probate comes up *de novo* and may be heard in the prerogative court on the same evidence as below, or on additional evidence. *Rusling* v. *Rusling* (*Court of Errors and Appeals, 1883*), *36 N. J. Eq.* (*9 Stew.*) *603, 606; Sanderson* v. *Sanderson* (*Ordinary McGill, 1893*), *49 N. J. Eq.* (*7 Dick.*) *243, 245.* And the effect of the appeal was to stay the probate and issuing of letters testamentary thereon so long as the appeal continued. To this extent, the appeal was as effective against the probate as the filing of the original caveat.

A question was also raised as to whether counsel fees were "costs and expenses" of which the orphans court had the right

to direct payment, but this right has been settled in *Bioren* v. *Nesler, supra,* and the cases therein relied on.

The legacies to these three defendants will therefore be declared to be held subject to the repayment of the expenses paid on the probate by the direction of the probate court. As to the apportionment of the same between the several defendant legatees, counsel will be heard on the settlement of the decree.