GUARANTY TRUST COMPANY

*v.*

CHRISTIAN H. BLUME et al.

[Submitted April 27th, 1921. Decided May 19th, 1921.]

1. Where a will provides that in the event of any of the legatees or devisees contesting it or filing a caveat against it, such legatee or devisee shall pay all expenses of both sides, a contesting legatee or devisee must pay all allowances for counsel fees and costs of contest and all other expenditures, outlays and disbursements of money connected with the contest and produced thereby.

2. A person accepting a benefit under a will must adopt the will as a whole and conform to all its provisions.

On bill, &c.

*Mr. Clarence E. Case,* for the complainant.

*Messrs. Lum, Tamblyn & Colyer,* for the defendants.

FOSTER, V. C.

The bill in this case is filed by complainant as executor of the last will of Johanna C. M. Blume-Giebelhouse, deceased, against the defendants, who are five of the children of testatrix, to recover from them, or to be authorized to retain from their shares or interests in her estate the expenses connected with the determination of a caveat filed by them against the probate of her will.

Mrs. Giebelhouse died on January 30th, 1918, and on March 20th following, complainant, as the executor named therein, presented her will for probate and found that a caveat against its probate had been filed by the defendant Christian H. Blume, acting on behalf of himself and the other defendants.

In June, 1918, complainant by consent of all the parties interested was duly appointed administrator *pendente lite* and acted as such until the following October.

Upon the termination of the contest the orphans court of Union county admitted the will to probate on September 27th, 1918, and thereupon complainant accounted as administrator *pendente lite* and duly qualified as executor. By an order made on December 27th, 1918, the probate court allowed to counsel for the proponents $1,200 for services in the contest; and to counsel for August C. Blume $250, and to counsel for the caveators $400, an allowance of $1,500 was also made to complainant for its services as administrator *pendente lite;* and, also, an additional allowance was made to it of $1,000 for counsel fees. No appeal was taken from this order. In addition to these allowances complainant was obliged to pay $160 for the premium on the bond it was required to furnish as administrator (no bond was required from it as executor by the terms of the will) ; and $56.50 for fees, or costs, connected with the contest.

The aggregate of these allowances and disbursements is $4,566.50.

Testatrix, by the eleventh paragraph of her will, provided:

"I hereby further direct that in the event of any of the legatees or devisees of this will shall contest it or file a caveat against my will, such legatee or devisee shall pay all the expenses of both sides."

This direction is almost identical with the provision contained in the will, approved and sustained by the court of errors and appeals in *Hoit* v. *Hoit, 42 N. J. Eq. 388;* as a valid condition subsequent for revocation; and also on the further and broader ·equitable ground that a person accepting a benefit under the will must adopt the will as a whole and conform to all of its provisions; and in that case, and in the later case of *Kayhart* v. *Whitehead, 77 N. J. Eq. 12,* all expenses on both sides were directed to be paid by the executors out of the estate, and repayment of these expenses was decreed upon the bill.

Defendants insist, however, that the expenses which were intended or contemplated by testatrix by this provision of her will were only those connected with the actual litigation upon the caveat, such as counsel fees and costs, and that the allowances made to the administrator *pendente lite* and its counsel are not properly chargeable as expenses to defendants as contestants of the will.

Admittedly, the appointment of complainant as administrator *pendente lite* was made necessary by the contest over the probate of the will, and was required for the proper care of the estate, and defendants derived as much benefit therefrom as the other interested parties; and if it be found, as defendants contend, that the duties performed by the administrator and its counsel were only such as they would be called to perform under the will, that matter can be given proper consideration by the orphans court on the settlement of the executor's account, and due allowance can then be made, if necessary, that will prevent any duplication of compensation to the executor and its counsel for such services.

And if under all the circumstances there should be such duplication of compensation in whole or in part it cannot be regarded

as unwarranted, in view of the explicit directions of the will, for, in the absence of any qualification therein, it must be assumed that testatrix used the word "expenses," in its common and ordinary sense, as meaning "any expenditure, outlay or disbursement of money" (*Century Dictionary*), and the word which she used must be read according to its natural and reasonable meaning. *Stout* v. *Cook, 79 N. J. Eq. 573.* Considering the word "expenses," then, in its ordinary and natural meaning, and in connection with the object which the will discloses, testatrix had in view in the use of it, viz., the imposition of a penalty upon the legatee or devisee who should contest her will, it requires no strained construction to find this word sufficiently comprehensive to include not only the allowances for counsel fees and costs of the contest, but also all other expenditures, outlays and disbursements of money connected with the contest and produced thereby, and this includes the allowances made to the administrator and its counsel and the payment for the premium on its bond, and also the fees and costs connected with the contest which it was obliged to pay.

But, for the contest of the defendants over the will, none of these expenses would have been incurred; and to give the limited meaning and effect to the directions of the testatrix which defendants now ask, would be, in effect, to transfer a part of the penalty for their contest—the expenses of temporary administration which it produced—from them to others who were content to accept the provision which testatrix had made for them in her will.

There is nothing to justify such action and defendants will therefore be decreed to repay complainant for all the allowances and disbursements mentioned; and in default of such repayment the legacies and devises to defendants will be declared to be subject to the repayment of all expenses allowed and paid by direction of the orphans court, and if apportionment of the same among the defendants be necessary, this may be made on the settlement of the decree.