This is a bill for the construction of the will of John Jackson. In the fourth paragraph of the will testator gave to his brother, Thomas, $500. Thomas died before his brother without issue. In the sixteenth paragraph of the will the testator gave the residue of his estate to his executors in trust, and, after payment of legacies and charges, to divide the estate into seven parts, one of which was to go to Thomas. There is no dispute as to the disposition of the personal property bequeathed to Thomas. It is admitted that this went to the widow of testator and should now be paid to her estate. The next question is as to the disposition of that portion of the real estate which would have gone to Thomas had he survived his brother.
There can be little doubt that had Thomas survived his brother there would have been an equitable conversion and the property would have passed as personalty.
The fact that Thomas predeceased his brother alters the situation. In such a case the authorities hold that the conversion being only for the purposes of the will, it is defeated if death prevents these purposes from being carried out and the original character of the property is maintained.
In Canfield v. Canfield, 62 N.J. Eq. 578, the rule is thus stated:
"A will directed that certain land be sold after the death of the testator's wife, and that the money be divided among the residuary legatees and the estate was so converted. The share of one of such legatees in the proceeds of the sale had, *Page 472 
however, lapsed by her death before that of testator. Held, that the purpose of the conversion having failed, such share should be treated for the purposes of distribution as real estate and not as personalty, and should go to the heir-at-law."
Vice-Chancellor Stevens, who wrote the opinion, further says (at p. 580):
"The only arguable question on this branch of the case is whether the share which thus lapsed is to be treated as real estate or personalty. By the so-called eighth item of his will, the testator directs his land to be sold after the death of his wife, and the money divided among his residuary legatees. The direction to convert is imperative and the executors have actually converted it. It is admitted that the balance now in their hands is the proceeds of the sale of land. Although this is so, I think there can be no doubt that the money is, for the purposes of distribution, to be treated as real estate and not as personalty. It was so decided in the leading case of Ackroyd v.Smithson, 1 Bro. C.C. 503, where two out of a larger number of residuary legatees had died in testator's lifetime, and this case has been relied upon and followed in this court in Roy v.Monroe, 47 N.J. Eq. 356, and in the court of errors and appeals in Lerch v. Oberly, 18 N.J. Eq. 575. The principle is thus stated in Roy v. Monroe, in a passage quoted by Vice-Chancellor Van Fleet from the note of the American editors to the above-cited case of Ackroyd v. Smithson:
"`The conversion of property from one species to another by the will of the testator takes place only for the purposes of the will, and so far as those purposes do not extend or in so far as any of them do not take effect in fact or in law, the property is considered as remaining in its former condition, as it was in the hands of the testator, and passes accordingly.'"
Vice-Chancellor Stevens further says (at p. 582):
"So strong is the rule that the undisposed of beneficial interest will result to the heir where the produce of the sale is to be applied for a purpose which, either wholly or partially, fails, that in the case of Fitch v. Weber, 6 Hare 145, it was held by Vice-Chancellor Sir James Wigram, on grounds that seem unanswerable, that the heir was entitled, notwithstanding *Page 473 
testatrix' declaration that the trustees should stand possessed of the proceeds of the sale `as a fund of a personal and not of real estate, for which purpose I declare that such proceeds or any part thereof shall not in any event lapse or result for the benefit of my heir-at-law.'
"The testatrix had provided that her trustees should apply the residue of her estate as she should, by codicil, direct, and she made no codicil. The controversy was between the next of kin and the heir-at-law. The vice-chancellor said: `Admitting the intention to exclude the heir, is not the intention equally clear to exclude the next of kin? In these circumstances I feel myself called upon to follow the course of decisions, in holding that the testatrix has expressed an intention to exclude the heir only for the purposes of her will, and that if her words express more, and she has failed to say who shall take the surplus, the law must dispose of it. * * * I cannot imply an intention in favor of those whom the will excludes. The heir takes, not by intention, but in the absence of intention.'"
In McGlynn v. McGlynn, 101 N.J. Eq. 66, Vice-Chancellor Backes said:
"The conversion was solely for the purpose of carrying out the testamentary scheme, and with respect to matters in which the scheme failed, the conversion failed. The principle is well established in this state in Roy v. Monroe, 47 N.J. Eq. 356;20 Atl. Rep. 481; followed in Canfield v. Canfield, 62 N.J. Eq. 578; 50 Atl. Rep. 471, the essence of which is set forth in this headnote:
"`Where a testator orders his land to be sold, the conversion will, unless a contrary intention distinctly appears, be deemed to have been directed merely for the purposes of the will, and consequently, if any of those purposes fail, so that the money does not pass under the will, it will, in equity, be considered land and be given to the heir.'"
I think, therefore, the conversion failed as to the share of Thomas in the real estate and it should be distributed as such and as though the testator died intestate.
At the conclusion of his will testator provided as follows: *Page 474 
"In case any of the beneficiaries or legatees under this, my last will and testament, shall contest the validity of this will, then the share that such beneficiary or legatee would take under the will is hereby revoked."
Clauses of exactly this character have not, as far as I can find, ever been construed by our courts.
However, in Hoit v. Hoit, 42 N.J. Eq. 388, it was provided:
"If any or either of my children shall enter a caveat against this, my will, he or they shall pay all the expenses of both sides."
In the course of the opinion, at the foot of page 390, the court of errors and appeals said:
"Upon another and broader principle of equity, the appellee should not be allowed to defeat the intention of the testator that there should be no litigation over his will at the expense of his widow, the legatee of the portion of his property charged with the payment of debts and expenses. This is not strictly the doctrine of election between repugnant gifts, but a rule of equitable construction that a person cannot accept and reject the same instrument, and that there is an implied condition that he who accepts a benefit under it shall adopt the whole by conforming to all its provisions." (Cases cited.)
This same subject was considered in Kayhart v. Whitehead,77 N.J. Eq. 12. In this case there was provision in the will that if any shall attempt to prevent the proof of the will the expense of probating it shall be taken from his share. In the course of the opinion Vice-Chancellor Emery says (at p. 14):
"The second objection that the provision imposing penalty or condition is void or ineffective has been decided adversely to defendant's contention by the court of errors and appeals inHoit v. Hoit, 42 N.J. Eq. 388. In that case a provision `that if any or either of my children shall enter a caveat against this, my will, he and they shall pay all expenses of both sides' was held valid against a devisee of real estate, not only as a valid condition subsequent for revocation, but on the broader equitable ground that a person accepting a *Page 475 
benefit under the will must adopt the will as a whole and conform to all its provisions."
By analogy it seems to me that a testator can provide in effect that his beneficiary take either what he offers him in the will or nothing at all. A testator can dispose of his property as he deems fit with any conditions not contrary to our law. In Hoit
v. Hoit, supra, the court said: "Conditions in wills trenching on the liberty of the law are described to be such as are in general restraint of marriage, trade, agriculture and the like in which the state has an interest and not as to who shall take under a will which can only affect those who are directly concerned."
I think the contestants have lost their right to share in the estate by their contest. I will advise a decree according to the above conclusions.