Complainants, Lissa L. McCabe Cross and Ethel M. Atkinson, two of the executrices of the last will and testament of Jane Ann McCabe, by their bill of complaint pray the court to construe and decree whether the defendant Laura J. French, individually, and the defendant Essex County Trust Company as trustee have any interest in the income or corpus of the residuary estate of said decedent.
The matter is submitted on bill, answer and replication.
The testatrix died June 10th, 1931, and the defendant Laura J. French on June 19th, 1931, filed a caveat against the probate of her will. Proceedings followed which resulted in a decree of the Essex county orphans court admitting the will to probate and ordering letters testamentary issued thereon to complainants and the defendant Laura J. French as executrices.
In the fifth clause of the will, the testatrix, after making the payments and bequests therein mentioned, directs that the rest, residue and remainder of the estate be divided "into as many equal parts or shares as there may be daughters of mine, or children of deceased daughters of mine, or children of deceased children of deceased daughters of mine, per stirpes and notper capita, then living at the time of my decease."
By the eighth clause, the share of defendant Laura J. French is given in trust to the Essex County Trust Company of East Orange, to invest the same and
"to pay over the net income of the said trust estate to my daughter, Laura J. French, for and during the period of her natural life, and upon the further trust upon the death of my said daughter, Laura J. French, leaving lawful issue or lawful issue of a deceased child *Page 87 
her surviving, then and in that event, to subdivide all real and personal property at the time held by the said trustee for the benefit of the said Laura J. French, as above set forth, into as many separate and distinct parts or shares as there may then be issue or issue of a deceased child of the said Laura J. French,per stirpes and not per capita, surviving, and in the event herein contemplated, the said trustee shall hold each of said separate and distinct subdivisions, parts or shares in trust, to invest each of such separate and distinct subdivisions, parts or shares, and to keep each of the same invested and to pay the income derived from one of such separate and distinct subdivisions, parts or shares to each of the issue of said Laura J. French, or to the issue of any deceased child of said Laura J. French, per stirpes, during minority, paying over the corpus
thereof to each of such issue or issue of a deceased child of said Laura J. French upon its attaining majority, and upon the further trust, in case at the death of the said Laura J. French she shall leave no issue or issue of any deceased child of her surviving, then to pay over absolutely the corpus of said trust estate and all accumulations thereof to my then surviving daughters, or in case any one of them be then dead, then to her lawful issue or lawful issue of any deceased child of my said daughter so dying, in equal parts or shares per stirpes and notper capita."
The ninth clause provides:
"Each and every provision, bequest or devise to my said daughters or to their issue or issue of any deceased child contained in this will is made upon the distinct proviso that none of my said daughters or their issue or issue of a deceased child shall contest, dispute or question any of the provisions of this my last will and testament and I hereby expressly will and declare that in case any of them shall contest or question any of the provisions of this my last will and testament, then and in that event, any devise or bequest herein contained for the benefit or advantage of anyone socontesting or questioning my said will, shall be and the same is hereby revoked, annulled and cancelled and I specifically will and declare that any part or share of my estate in this my last will and testament devised or bequeathed to or for the benefitof the one so contesting, shall be added to and divided among my remaining children, their issue, or the issue of any deceased child of them, per stirpes and not per capita, upon the same terms and provisions as hereinbefore provided for the benefit and advantage of my children who accept and do not contest or question this will and to the same purport and effect as if no devise or bequest had been made herein for the benefit of theone so contesting." (Italics mine.)
The estate consists entirely of personal property. The defendant Laura J. French is married, but without issue. She claims the right, notwithstanding the contest over the *Page 88 
probate of her mother's will, to the income from the corpus of one-third of the residuary estate left in trust for her. The defendant Essex County Trust Company claims an interest as trustee under the provisions of the will. Complainants contend that neither of the defendants have any interest or benefit in said estate because of the forfeiture clause contained in the ninth paragraph of the will.
The bill of complaint alleges that the Essex county orphans court decreed (copy of the decree being annexed to the bill of complaint) that the caveatrix "had no reasonable cause for contesting the validity of said will," and "denied her costs and expenses of the litigation out of the estate."
The answer of defendant alleges that she had reasonable cause for her contest. I am bound, however, by the decree of the Essex county orphans court, that there was no reasonable cause for contest, since it is not denied that such was the decree of that court.
The intention of the testatrix clearly expressed was that if any of her daughters or their issue or issue of a deceased child of hers shall contest any provision of her will, any benefit
under the will of the one so contesting shall be revoked, annulled and cancelled, and that the benefit of the one so contesting, shall be added to and divided among her remaining children, their issue, or issue of any deceased child of them, upon the same terms as provided in her will for those who accept and do not contest her will.
The testatrix possessed the undoubted right (within the law) to dispose of what she possessed as she pleased, and to impose the condition subsequent contained in her will against contest, and the defendant Laura J. French because of her contest lost all benefit under her mother's will. She acted in the face of notice that if she attempted to strike down any of its provisions, that the income from the trust created for her benefit would be annulled and cancelled.
In Hoit v. Hoit, 42 N.J. Eq. 388, the will provided that "If any or either of my children shall enter a caveat against this my will, he or they shall pay all expenses of both sides." Our court of errors and appeals held that since the appellee *Page 89 
had taken the benefit of the devise, there was no reason why he should not reimburse the appellant for the expenses incurred on the entry of the caveat against the will, and took occasion further to say: "Upon another and a broader principle of equity, the appellee should not be allowed to defeat the intention of the testator that there should be no litigation over the will at the expense of the estate." And again where the will provided that if any devisees shall aid in an attempt, or attempt to prevent the proof of the will, the expenses of probating it shall be taken from their shares thereunder, we held such provision was valid.Kayhart v. Whitehead, 77 N.J. Eq. 12; Guaranty Trust Co. v.Blume, 92 N.J. Eq. 538.
Where the will provided as here that in case a beneficiary contest the validity of the will, the share that such beneficiary would take under the will is revoked, we held the contestants lost their right to share in the estate by their contest.O'Donnell v. Jackson, 102 N.J. Eq. 470.
Presently the defendant Laura J. French is without issue. The facts before me do not reveal her age, and indeed that fact is of no consequence here. The possibility of issue is always supposed to exist unless extinguished by the death of the parties. It was so held in In re Smith, 94 N.J. Eq. 1. There is no period in the life of a woman when it is presumed in law that she may not possibly bear children. Riley v. Riley, 92 N.J. Eq. 465;Graves v. Graves, 94 N.J. Eq. 268.
Contest of a will by a beneficiary for life, which, under the terms of the will effects a forfeiture of the life tenant's rights, does not work a forfeiture of the remainderman's interest.
The trust was created alike for the benefit of the defendant's issue or the issue of any deceased child of her. Such persons provided for and not yet in being receive the benefit of the income from the trust upon the defendant's death and the principal upon attaining majority. The trust therefore is not ended.
The decree will be in accordance with the foregoing conclusions. *Page 90