LISSA L. McCABE CROSS and ETHEL M. ATKINSON, executrices of the last will and testament of Jane Ann McCabe, deceased, appellants,

*v.*

LAURA J. FRENCH, individually and as executrix of the estate of Jane Ann McCabe, deceased, et al., respondents.

[Submitted October term, 1935. Decided February 10th, 1936.]

*Mr. Joseph C. Paul* and *Mr. P. Henry Strazza,* for the appellants.

*Mr. Henry J. Camby,* for the respondent Laura J. French.

*Mr. Edward L. Stasse,* for the respondent Essex County Trust Company.

The opinion of the court was delivered by

LLOYD, J.

We agree with so much of the vice-chancellor's conclusions as holds that the eighth paragraph of the will of Jane Ann McCabe, in so far as Laura J. French was concerned, was revoked and set aside by the contest which she inaugurated, and this because of the ninth clause which specifically so provides.

We also agree with his conclusion that this did not affect the remainder interest in the children of Laura, the will providing only that the benefit (under the will) of the one contesting should be revoked. The unborn children of Laura, if there be any, are obviously not contesting the will, and there is therefore no revocation effected as to them by the contest instituted by Laura.

So much of the decree as directs the trustee to hold the distributive share in favor of Laura for the benefit of her issue and to administer the fund and distribute the income and principal in accordance with the eighth clause of the will in so far as it requires the retention by the trust company of the income of said principal fund accruing in the lifetime of Laura, we think is erroneous. Laura was unquestionably the beneficiary of the income during her lifetime, and the ninth clause of the will provides that in case any one of the daughters should contest or question any provision of the will then any devise or bequest for the benefit or advantage of any one so contesting be annulled, and that any part of her

estate so devised or bequeathed to or for the benefit of the one so contesting should be added to and divided among the testator's remaining children. We think it clear that while on the one hand Laura lost all interest in the share bequeathed for her life interest, the income during her lifetime was not intended to be held for the benefit of afterborn children, but by the plain terms of the will any benefit which Laura should derive was to revert to her remaining sisters. The income was for the benefit of Laura and being lost by virtue of the contest, now goes to her sisters.

Respecting the fee of $250 awarded to counsel for Laura, we think no just complaint can be made. While Laura was a party to the proceeding in chancery as one of the defendants, her special interests seem to require that she should be represented by independent counsel, and that the court was justified in awarding as it did a counsel fee to her solicitor.

The court below will modify the decree in accordance with the views herein expressed, and as so modified it will be affirmed.

*For modification*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.