The motion is for an order directing the Howard Savings Institution, trustee under the will of Edward Spaeth, deceased, to pay from the corpus of the estate in its possession the sum of $2,000 to the solicitor of the complainant to enable complainant to make "due prosecution of this cause," complainant to remain liable for the repayment of the said sum to the trustee if the court shall hereafter so direct.
The $2,000 mentioned, according to complainant's affidavit annexed to the motion, is to be advanced to defray expenses in the taking of testimony before a master in Cincinnati, Ohio, and Banning, California. From the affidavit of the complainant it appears that the corpus of the estate is approximately $500,000, and the annual income $25,000 of which complainant receives an income at the rate of $10,000 per year; that she has been under constant medical care either in Cincinnati, Ohio, or in Banning, California, where she now lives and that she requires the constant attention of a registered nurse and is unable to attend court in this state. It further appears from her affidavit that she is unable to advance the necessary funds and that she is "informed that the pleadings in this cause, to some degree at least, indicate the necessity of taking testimony."
The notice of motion recites that the application is based "upon the record of this cause and the complainant's affidavit hereto attached."
It is unnecessary to recite the various questions raised by the pleadings in this case since it is admitted by complainant that the motion to take the testimony of complainant is based upon paragraph 35 of the bill of complaint which reads: "Because of physical infirmity, notwithstanding the pretense of one or more of the defendants herein that it is still possible that the complainant may have a child born to her, it will, in fact, be impossible for the complainant ever to bear any child."
The motion is resisted by counsel representing the trustee and other defendants upon the ground that the testimony sought to be taken is incompetent because of the presumption in law that the possibility of issue in a female is never extinct. *Page 327 Riley v. Riley, 92 N.J. Eq. 465; Oleson v. Somogyi, 93 N.J. Eq. 506;In re Smith, 94 N.J. Eq. 1; Cross v. French, 118 N.J. Eq. 85.
And as I read United States v. Provident Trust Co.,291 U.S. 272; 78 L.Ed. 793, the ability to bear children will only be considered for instance in cases involving damages, taxation and divorce, but cannot be considered in the instant case where by the pleadings the rule against perpetuities, the devolution of property, or title thereto is involved. In such cases the law recognizes the possibility of issue in all adult women, and the single fact that terminates the ability to bear children is death.
In United States v. Provident Trust Co., supra, the court said: "Moreover, the case does not involve the rule against perpetuities, the devolution of property, the rights or title of living persons in or to property, or any other situation such as constituted the background of practically all the decisions which have sustained the conclusiveness of the presumption. We have for consideration simply a statutory provision exempting from a prescribed tax the value of all bequests, c., made to or for the use of charitable organizations and those which are akin, plainly evincing a legislative policy to encourage such bequests."
Motion is denied.