Complainants, as executors and executrix, seek a construction of the will of William Osborne, late of the City of Ventnor City, who died on August 22d 1938.
Paragraph 7, in conjunction with paragraph 14 of the will, gives rise to the requested aid of this court. Paragraph 14 reads as follows:
"Fourteenth: I will and direct that if any Legatee or Beneficiary named or set forth in this my Will shall take or institute any legal proceedings whatsoever to contest this my Will or to invalidate the force or effect of any of the provisions thereof, then and in such case, the legacy, devise, bequest or provision given or established by this my Will unto or for the benefit of such Legatee or Beneficiary so taking or instituting such proceedings shall be null, void and of no effect, and the legacy, devise, bequest or provision given or established by this my Will unto or for the benefit of such Legatee or Beneficiary so taking or instituting such proceedings shall go to and be divided among or held for the use and benefit of the remaining Legatees and Beneficiaries in this my will, proportionately to their respective interests and ownerships in this my Will set out."
Under paragraph 7 a trust fund of $10,000 is created, to be used by the trustees as follows: (a) to pay the net income to William Osborne, Jr., son of decedent, for his lifetime; (b) upon the death of William Osborne, Jr., to pay said net income to decedent's grandsons, William Frederick Osborne and John Chamberlain Osborne (sons of William Osborne, Jr.), in equal shares during their lifetime; (c) upon the death of each of said grandsons of decedent to pay the principal to their issue or issue of their deceased children, with provision if either grandson dies without issue the income *Page 520 
is to be paid to the surviving grandson; (e) to hold the share of any minor distributee until 21 years of age, with certain instructions as to use of income for their maintenance.
The proofs show that William Osborne, Jr., son of the testator, did file a caveat against the probate of the will, that a hearing was had thereon before the Orphans Court of Atlantic County, resulting adversely to the contestant and in a decree admitting the will to probate; that the son appealed from the decree of the Orphans Court but that appeal was dismissed by the Prerogative Court.
The first question is, should this court give effect to paragraph 14 of the will and decree that William Osborne, Jr., may not take under the provisions of his father's will?
The general rule sustaining the validity of provisions of a will for forfeiture of the share thereunder of a beneficiary who contests the will seems to be well established in this state, and it would appear that we do not recognize, as do some jurisdictions, exceptions or limitations of the rule, depending on whether the gift is of realty or personalty, and if of personalty, whether there is a gift over and whether the contest is in good or bad faith or on probable cause.
The leading case in support of the validity of a no-contest clause in wills is Hoit v. Hoit, 42 N.J. Eq. 388;7 Atl. Rep. 856, in which the Court of Errors and Appeals refers to the exceptions or limitations of the rule that such conditions are valid, and said, in effect, that they are "artificial distinctions" and in that case further held:
"It is not material to determine in this case whether in bequests of personalty the artificial rules above named would be applied in this state."
The court went further, however, and held:
"Upon another and a broader principle of equity, the appellee should not be allowed to defeat the intention of the testator that there should be no litigation over his will at the expense of the estate, or, in this case, at the expense of his widow, the legatee of the portion of his property charged with the payment of debts and expenses. This is not strictly the doctrine of election between repugnant gifts, but a rule of equitable construction that a person cannot accept and *Page 521 
reject the same instrument, and that there is an implied condition that he would accept a benefit under it shall adopt the whole by conforming to all its provisions."
After the decision in the Hoit Case, the Court of Errors and Appeals had occasion to review the decree in Cross v. French,118 N.J. Eq. 85; 177 Atl. Rep. 456, and affirmed the principles therein annunciated by Vice-Chancellor Stein, whose opinion appears in 118 N.J. Eq. 85; 177 Atl. Rep. 456, the affirmance being found in 119 N.J. Eq. 563; 182 Atl. Rep. 834. There was a modification by the Court of Errors and Appeals but not as to the validity of the conditions against contest. In this case Vice-Chancellor Stein reviewed Kayhart v. Whitehead, 77 N.J. Eq. 12; 76 Atl. Rep. 241; Guaranty Trust Co. v. Blume, 92 N.J. Eq. 538; 114 Atl. Rep. 423, in both of which cases a condition in wills requiring the contestant to pay expenses of contest were upheld; O'Donnell v. Jackson, 102 N.J. Eq. 470;141 Atl. Rep. 450, in which case the condition provided revocation in case of contest, which was upheld. See, also, Federal Trust Co. v.Ost, 120 N.J. Eq. 43; 183 Atl. Rep. 830.
The result of these decisions is that in New Jersey the right of a testator to dispose of his property and to impose valid conditions against contest is established, thus upholding the right of a testator to say to his legatee, devisee or beneficiary — take what I offer or take nothing at all.
In Hoit v. Hoit, supra, the Court of Errors and Appeals disposed of the question as to whether or not such conditions are against public policy and decided that they are not.
The life interest of the son, William Osborne, Jr., under these authorities, is as testator provided, "null and void and of no effect."
The second question is — what disposition shall the trustees make of the trust fund of $10,000 in favor of William Osborne, Jr.?
It is argued that testator provided that the income from the $10,000 trust fund was to be paid "upon the death of William Osborne, Jr.," and that until that event happens, the income should not be paid to the grandsons, but should "be applied proportionately to the payment of all legacies and *Page 522 
trusts and upon the setting up of the full trust fund of $10,000 in the hands of complainants, then to pay the income therefrom to the various legatees and beneficiaries under the will proportionately, as set forth in paragraph 14 of said will, until such time as the death of William Osborne, Jr., shall occur, and thereafter to pay said income to his two sons, William Frederick Osborne and John Chamberlain Osborne, or if they be deceased, then as otherwise provided in the will."
The foregoing insistment is based on the theory, first, that under the will the legatees and beneficiaries named in the preceding paragraphs of the will take in addition to their legacies therein created an additional interest in the $10,000 trust fund created for the life of the son and forfeited by him. This is not so. Paragraph 14 of the will provides that in the event of such a forfeiture the forfeited legacy or bequest shall be "divided among or held for the use and benefit of the remaining legatees and beneficiaries * * * proportionately to their respective interests and ownerships in this my will set out." The only beneficiaries having an "interest and ownership" in the $10,000 forfeited trust fund are the grandchildren of testator for their lives and their issue thereafter.
It is settled that the forfeiture of William Osborne, Jr.'s life estate does not work a forfeiture of the interest of the two grandchildren, Cross v. French, supra. When testator created a life estate in favor of his son and on his death a life estate to his two grandsons, the second life estate vested on the death of testator. Simpkins v. Simpkins, 131 N.J. Eq. 227;24 Atl. Rep. 2d 821, where Vice-Chancellor Jayne (at pp. 230 and231), has fully collected authoritative cases. It is definitely settled that when testator provided that "upon the death" of his son the income from the trust fund should be paid to the grandchildren that "testator will be presumed to have intended to give the property in remainder from and after the termination of the preceding estate in the absence of some controlling equity or an express or clearly implied provision in the will to the contrary; and accordingly the provisions for distribution at the death of the life tenant, standing alone, will be understood to relate to the termination *Page 523 
of the precedent estate and accelerate distribution to remaindermen whose estates in remainder are vested." Anthony v.Camden Safe, c., 106 N.J. Eq. 41; 149 Atl. Rep. 822; Bennett
v. Fidelity Union Trust Co., 123 N.J. Eq. 198;196 Atl. Rep. 375; Young v. Eagon, 131 N.J. Eq. 574 (at p. 577);26 Atl. Rep. 2d 180; Simpkins v. Simpkins, supra.
As Vice-Chancellor Buchanan said in Bennett v. FidelityUnion Trust Co., supra:
"It is the most natural presumption that a testator would desire the fund or estate to go, on the termination of a life estate by some cause other than the life tenant's death, in exactly the same way as if the termination had been caused by the life tenant's death. Hence such has been laid down as the rule where there is no different intent or desire on the part of testator evident from the will." Beideman v. Sparks, 61 N.J. Eq. 226; 47 Atl. Rep. 811; Anthony v. Camden Safe, c., supra.
Under the doctrine of acceleration there may be no question, there being nothing in the will to show a contrary intent, and no countervailing equity, that the trustees should be and are instructed that the grandsons, William Frederick Osborne and John Chamberlain Osborne, are entitled to payment of the net income from the corpus of the trust, as well as the payment of the accumulations thereof now in the hands of the trustees.
Complainants allege, in effect, in their amended bill that testator's estate has been and is insufficient to pay all legacies and bequests in full. This is admitted to be true by all parties in interest. Under these circumstances, the assets of the estate being insufficient to meet the obligations of the legacies, an abatement ensues in the following manner: (1) residuary estate, (2) other general legacies, pro rata, (3) specific bequests or devises, or, where demonstrative legacies are classed as specific under the circumstances of the case, the last in order of abatement will be specific and demonstrative legacies ratably. See Sanborn v. Sanborn, 14 N.J. Mis. R.260, wherein Vice-Chancellor Eagan cites 69 C.J. 981 ¶ 10. *Page 524 
A reading of the will discloses that all bequests are within the definition of general legacies as defined by Vice-Chancellor Berry in In re Low, 103 N.J. Eq. 435 (at p. 437);143 Atl. Rep. 222, with the exception of the real estate devised in the third paragraph of the will and the bequests to testator's brothers and sisters in the ninth paragraph of the will, which testator directs shall be paid out of "mortgages or bonds" in the estate at the time of death of testator, "so that such legatees shall receive good investments instead of cash."
The trustees are advised that the trust fund should be invested as provided by testator under the thirteenth paragraph of the will.
A decree may be entered in conformity herewith, with provision for counsel fees as indicated at the final hearing.