The bill is filed for specific performance of a contract for the sale of lands devised by the will of Eneas Smith, and involves the construction of the fifth clause of the will, which is as follows:
"I give, devise and bequeath to Henry W. Smith, the balance of my property situated on Walker road, adjoining the property given to Thomas L. Smith, to have the use and benefit thereof, during his lifetime, and at his death to be divided between his children, their heirs and assigns forever, share and share alike."
The life tenant conveyed to his two sons who were living at the date of testator's death. No other children have yet been born to the life tenant. They contracted to sell a part of the devised lands to the defendant, who refused to accept title on the ground that the conveyance by the complainants did not bar the interest of after-born children of the life tenant; that a marketable title could not, therefore, be given and that acceptance of a conveyance from the complainants which was tendered might later involve the defendant in litigation with an after-born child. In my judgment these points are well taken. The estate which the grandchildren of the testator, who are complainants here, took under the will was a vested remainder subject to being opened to let in after-born grandchildren. There is nothing in any other portion of the will affecting this construction. The rights of such after-born grandchildren cannot be destroyed by a conveyance by the life tenant and the remaindermen who were in esse at the time of the testator's death. 23 R.C.L. (tit. "Remainders")534, 536 § 79 et seq. The possibility of issue of the life tenant can be extinguished only by his death. Graves v.Graves, 94 N.J. Eq. 268. A purchaser of lands is not obliged to accept title concerning which there is a reasonable doubt or which might involve him in litigation; in other words, the purchaser of lands is not obliged to purchase a law suit. The bill will therefore be dismissed. *Page 341