The complainants, trustees, ask for a ruling whether a corporation dividend in stocks of another company should be treated as income or corpus.
Henry Graves tried to tie up the principal of his six million dollar estate for the benefit of his great grandchildren. By his testament he gave it to his executors in trust to pay it over to them upon the death of his last surviving grandchild; the meantime income to go to his descendants after paying his widow $20,000 a year. The chancellor declared the trust violated the rule against perpetuities and invalid *Page 86 
because the estate might not vest within one and twenty years after lives in being; due to the possibility of birth of a grandchild after testator's death, which may not die within the period limited. Graves v. Graves, 94 N.J. Eq. 268.
His family, however, decided to carry out his wishes to some extent and to that end conveyed the estate to the trustees to hold the principal until the death of the last surviving grandchild then living and then to pay it over to the great grandchildren; the meanwhile income to go to the testator's descendants after an annuity of $20,000 to the widow. The trust agreement varies from the invalid trust under the will in this respect. Under the latter, only the normal net income was to go to the descendants, while under the trust agreement all extraordinary cash or stock dividends declared prior to December 31st, 1922, out of profits and surplus which had accrued after the testator's death (1906) were to be divided among testator's four children, and those declared after December 31st, 1922, and up to the date of the trust agreement (June 23d 1923) were to be paid to the testator's descendants and it was further stipulated that "all extraordinary cash or stock dividends which shall be declared on stock now constituting or which may hereafter constitute a part of the corpus of said trust estate, shall be considered and distributed as income, whether the same shall be declared out of surplus or profits accruing prior or subsequent to the date of this agreement." Concisely, the members of the family reserved to themselves all future extraordinary cash and stock dividends out of profit and surplus regardless of when the profits or surplus accrued, contrary to the testator's intentions that they should go to the great grandchildren. That was their privilege. The estate was theirs and the trust was voluntary. The right to the dividends are governed by the agreement. The reservation being of all extraordinary dividends out of profits or surplus, past or future, the doctrine of apportionment between surplus and income is not involved.
The estate held a large block of stock of the Delaware, Lackawanna and Western Railroad Company. The railroad *Page 87 
company sold its coal lands to the Glen Alden Coal Company, receiving in payment inter alia $60,000,000 of its bonds. The railroad company transferred the bonds to a subsidiary, Lackawanna Securities Company, for all of the subsidiary's capital stock and thereupon divided the shares among its stockholders, one share for every two shares of stock of the railroad company. Some of the bonds had been liquidated and the proceeds divided. It is established, and not controverted, that the coal lands and their proceeds, the $60,000,000 of bonds, were surplus holdings of the railroad company, and that the transfer of the bonds to the securities company was for convenience, to facilitate distribution, and, we are told, to minimize income tax. That the dividend was extraordinary, is obvious; and that the divisions of the shares of the securities company, representing the $60,000,000 of bonds, is deemed a cash dividend is well settled. Union and New Haven Trust Co. v. Taintor,85 Conn. 452; Old Colony Trust Co. v. Jameson, 256 Mass. 179;50 A.L.R. 372. Had the railroad company divided the bonds immediately among its shareholders or had cashed them and divided the money there could and in all probability there would have been no question as to the division falling precisely within the definition of "extraordinary cash or stock dividends," reserved to the family under the trust agreement.
It is argued that the provision of the trust agreement above quoted applies only to stock dividends of corporations whose stock constitutes a part of the corpus of the estate. True, but this was a dividend in stock, not a stock dividend; i.e., a division of $60,000,000 of the surplus of the railroad company whose stock constituted a part of the corpus of the estate.
The trustees are instructed that the dividend belongs to income. *Page 88