The bill of complaint is brought to quiet title to that part of the block bounded by Asbury avenue, Kingsley street, Ocean avenue and First avenue, described in a lease made by James A. Bradley and wife to Sarah L. Coleman. For the purpose of this suit it is stipulated that no question is raised *Page 400 
concerning the complainant's possession at the time of the filing of the bill.
In April, 1876, James A. Bradley and his wife conveyed in fee, premises constituting a part of the mentioned block, and as to that portion so conveyed in fee, no question is here involved except as it relates to other premises within the same block, which at the same time were leased by James A. Bradley and his wife to Sarah L. Coleman. That lease was for a term of 999 years, subject to a renewal for a like period and contained the following provision:
"To have and to hold the said plot piece or parcel of land and all and singular the premises hereby demised with the appurtenances unto the said Sarah L. Coleman, her executors administrators and assigns to her and their proper use benefit and behoof, but subject to the conditions hereinafter mentioned for and during the term of nine hundred and ninety nine years from this day fully to be completed and ended and renewable to the said Sarah L. Coleman, her heirs and assigns as and for a like term of years forever, paying therefor to the said party of the first part, his heirs or assigns the yearly rent of one dollar, subject however nevertheless and this lease is granted and accepted accordingly to the following conditions to wit;
"That the said party of the second part, shall erect a Hotel on the premises conveyed by the said James A. Bradley and wife to said Sarah L. Coleman, by deed bearing even date herewith as aforesaid and adjoining the premises hereby demised to be used as a lawn for the said Hotel and that no buildings shall ever be erected on the premises hereby demised * * * and in case the said party of the second part, shall fail to erect the Hotel aforesaid or in case the same shall be destroyed or cease to be used as a Hotel (allowing one year to rebuild the same) then and in that case these presents and the tenancy herein established shall cease terminate and be void and the said premises shall then be used for Park and Street purposes,
"And the said Sarah L. Coleman in consideration of the letting of the premises aforesaid and in the further consideration of one dollar to her in hand paid hereby covenants to accept this lease and to be bound by the conditions therein expressed."
In February, 1911, the rights of Sarah L. Coleman vested in Ada M. Sexton, who died April 17th, 1925.
In May, 1926, the entire premises constituting the block above described were mortgaged to The National Commercial Title and Mortgage Guaranty Company by the executor of the Sexton estate, which mortgage was foreclosed, resulting in a deed from the sheriff to the premises dated April 28th, *Page 401 
1931. Thereafter, on June 30th, 1931, The National Commercial Title and Mortgage Guaranty Company conveyed the premises to Coleman House, Inc.
On October 23d 1933, Jennie S. Parker, substituted administratrix and trustee under the will of James A. Bradley, conveyed to The National Commercial Title and Mortgage Guaranty Company whatever right, title and interest had remained in James A. Bradley at the time of his death. Later, on February 1st, 1934, The National Commercial Title and Mortgage Guaranty Company and Coleman House, Inc., entered into an agreement providing for the cancellation of the lease between James A. Bradley and Sarah L. Coleman, and by deed recorded on the same day The National Commercial Title and Mortgage Guaranty Company conveyed all of its right, title and interest with respect to the premises in question to the Coleman House, Inc.
The agreement and the two deeds mentioned relate entirely to the premises which was the subject-matter of the lease by James A. Bradley and wife to Sarah L. Coleman.
It is admitted that a hotel was erected upon the parcel conveyed by Bradley in fee within the time limited by the lease, and that the hotel remained upon the premises until about January, 1934, when it was razed since which time no hotel has been erected thereon.
The defendant, City of Asbury Park, maintains that the provision in the lease when considered in connection with the deed conveying the fee to the premises upon which the hotel was erected constitutes a dedication of the property described in the lease in praesenti, to be accepted and used in futuro for park and street purposes.
The complainant argues that the provision in the lease is a conditional offer of dedication which was withdrawn before the offer became effective and before it could be accepted; that the lease was canceled by mutual consent of the successors in title to Bradley and Coleman prior to the contemplated contingency in the clause mentioned.
The character and scope of a dedication depends upon the intention of the dedicator, expressly manifested, or to be gathered from all the circumstances of the case. There is *Page 402 
nothing in the nature of the legal act of dedication, to prevent its being a dedication in praesenti, to be accepted and usedin futuro. Mayor, c., of Jersey City v. Morris Canal andBanking Co. (Court of Errors and Appeals), 12 N.J. Eq. 547.
Once the dedication is complete, the owner cannot thereafter revoke it or restrict or change the uses to which it was made.Trustees of M.E. Church v. Mayor, c., of Hoboken,33 N.J. Law 13; Hoboken Land and Improvement Co. v. Mayor, c., of Hoboken,36 N.J. Law 540, 549; McAndrews Forbes Co. v. Camden (Courtof Errors and Appeals), 78 N.J. Eq. 244, 248; 78 Atl. Rep. 232;United New Jersey R. C. Co. v. Crucible Steel Co., 85 N.J. Eq. 7,27; 95 Atl. Rep. 243. Acceptance by the public authorities is not essential to conclude the owner from the power of retraction, when his intention to permanently abandon his property and dedicate it to public uses is once unequivocally manifested. In that event the right of the public to appropriate the lands to the public use, at any future time when their wants or convenience require it, immediately attaches. Hohokus v.Erie Railroad Co., 65 N.J. Law 353, 362; 47 Atl. Rep. 566;Trustees of M.E. Church v. Hoboken, supra; Mayor of JerseyCity v. Morris Canal and Banking Co., supra.
However, it is said by complainant that the provision in the lease dedicating the premises in praesenti to take effect in future is void because of remoteness and violates the rule against perpetuities.
It is the rule in this state as a part of the common law that no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest. Graves v. Graves, 94 N.J. Eq. 268;120 Atl. Rep. 420; McGill v. Trust Company of New Jersey, 94 N.J. Eq. 657;121 Atl. Rep. 760. It is the possibility that the period allowed by the rule may be exceeded, and not the certainty or even probability that it will be exceeded, in a given trust, that calls for the application of the rule. First Camden, c., TrustCo. v. Collins, 114 N.J. Eq. 59, 61; 168 Atl. Rep. 275.
Here the right to accept the dedication is linked with a condition, namely, the failure to rebuild the hotel within one *Page 403 
year after it shall be destroyed or cease to be used as a hotel. Under the terms and conditions contained in the lease the dedication for park and street purposes might never vest because it could not come into being until the adjoining premises are no longer used for hotel purposes. This event might take place any time during the term of the lease, namely, 999 years or any renewal thereof, or, it might never take place.
In Girard Trust Co. v. Russell, 179 Fed. Rep. 446;102 C.C.A. 592, a settlor deposited money in trust, to be "accumulated for the benefit of the State of Pennsylvania in the way and manner hereinafter mentioned." The agreement provided that the trustee invest the money and all its accumulations, and the proceeds collected until the time should arrive when the fund so accumulated, together with other sums which might be deposited with the trustee for a like purpose, should "be equal to the debt at that time owed by the state," when it should be paid over to the treasurer of the state "for the purpose of discharging the whole indebtedness of the state, and for no other purpose whatsoever." It was held that the state took no present vested interest in the fund, but was to receive the benefit of it only on a contingency which might never happen, or might happen at some indefinite time in the future which might exceed the limitation of the rule against remoteness, and that the trust was therefore void ab initio.
I see no distinction in principle between the cited case and in the case now before me. In the instant matter there was no present vesting in the City of Asbury Park. The vesting could take place only upon a stipulated event in the future — at some indefinite time which might exceed the limitation of the rule against remoteness.
I am of opinion that the condition contained in the lease comes within the rule against perpetuities and is therefore void.
I will advise decree in favor of the complainant. *Page 404