The bill in this case was filed for the purpose of obtaining a construction of the will and codicil of Carrie E. Tompkins, deceased, who died November 2d 1941.
The will was dated November 12th, 1936, and the codicil was dated April 17th, 1941, which were duly probated by the surrogate of the County of Morris. The testatrix was survived by her husband, Llewellyn B. Tompkins, and two children, Frederick B. Tompkins and the defendant Bessie B. Pryor. The will nominated The Morristown Trust Company and the above named two children of the testatrix executors and trustees. The Morristown Trust Company renounced and Bessie B. Pryor and Frederick B. Tompkins, the children of the testatrix, duly qualified as such. Llewellyn B. Tompkins *Page 525 
died testate September 18th, 1943. Two grandchildren of the testatrix were living at the time of the filing of the bill.
Testatrix made certain specific bequests of some of her personal effects to her son and daughter.
The residuary clause of the will provided that the whole of the residuary estate be turned over to her trustees to be held in trust and the income should be paid to her husband, Llewellyn B. Tompkins, "in so far as he might require it for his proper support and maintenance during the term of his life." The will then provided that the balance of said income and, following the death of Llewellyn B. Tompkins, the whole of said income be divided into two equal parts; one-half to be paid to the decedent's daughter, Bessie B. Pryor, and the other half to decedent's son, Frederick B. Tompkins, during their respective lives. It also provided that upon the death of either Bessie B. Pryor or Frederick B. Tompkins the income to which either person was entitled should be paid to his or her living children with right of survivorship among such children if more than one.
The will then provides:
"Upon the death of my said daughter leaving no child or children, or if leaving a child or children, upon the death of said child or all of said children then I order the income of her said one-half of said trust fund to be paid to my son if then living, and if dead to any child of his own blood then living or if more than one child then to the children of his own blood then living equally, among all until the last child shall be dead, it being my intention that if only one child survives its father, that child shall take all, if more than one child survives then they shall take all equally, and if more than one child survives its father as fast as one or more shall die the survivor or survivors shall take all equally until all shall be dead."
The next paragraph makes the same provisions for the daughter in the same language in case of the death of testatrix' son.
The fourth clause provides that, if necessary, the trustees may use part of the principal for the support of the daughter or son.
The last paragraph of the fourth clause left the income, after the death of the children, grandchildren and great-grandchildren, *Page 526 
to the Town of Morristown for certain specific purposes. This paragraph was revoked by the codicil and in lieu thereof the following provision was made thereby:
"* * * upon the death of the survivor of my husband and my son and daughter, and of the children of my daughter and the children of the blood of my said son, I do give, devise and bequeath the principal of said trust fund to the lawful issue then surviving, of my son and daughter, per stirpes and not per capita, to have and to hold the same, to them, their heirs and assigns forever."
Llewellyn B. Tompkins never received any payments under the will of the testatrix.
Complainant contends that the will violates the rule against perpetuities.
The solicitors of the defendant Bessie B. Pryor admit that the will violates the rule against perpetuities as to the gift to the great-grandchildren. The other defendants dispute this contention but cite no authority sustaining their contention.
The gift to the great-grandchildren cannot vest until the death of the testatrix' last surviving grandchild. These great-grandchildren, therefore, need not be in being at the creation of the interest of said great-grandchildren. Under the codicil the gift of the principal to the great-grandchildren does not take effect until after the death of the last surviving grandchild.
The rule against perpetuities is stated by Professor Gray in his treatise, The Rule Against Perpetuities (4th ed.) 191
and also at pages 207-209, as follows:
"No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest."
"It is not enough that a contingent event may happen, or even that it will probably happen, within the limits of the Rule against Perpetuities; if it can possibly happen beyond those limits, an interest conditioned on it is too remote."
If a grandchild of the testatrix is born now and survives the other grandchildren and then dies leaving issue such issue would take the whole of the corpus of the trust and their interest would not have vested until the death of their parent who was not a person in being at the time of the creation *Page 527 
of the interest. The time of vesting might, therefore, be more than 21 years after the death of the last life in being at the time of the creation of the interest. It, therefore, appears that the residuary clause, as set forth in the codicil, clearly violates the rule against perpetuities.
The case is quite similar to that of Graves v. Graves,94 N.J. Eq. 268, 274, wherein Chancellor Walker said:
"Now, in this case four children and five grandchildren were living at testator's death, and one grandchild and three great-grandchildren were born after his decease. Other grandchildren and great-grandchildren may yet be born. The will directs that in the event of there being other children of testator's children, namely, grandchildren born subsequent to his death, his trustees are to divide the annual income in such proportions that each child and grandchild shall receive equal shares. Then, upon the death of the last surviving grandchild, to divide the principal, with all accumulations, to and among the issue of his grandchildren, that is, among his great-grandchildren, share and share alike, c. It is perfectly obvious that other grandchildren may still be born and they, upon birth, would be entitled to share in the income, which would cease only upon the death of the last survivor of them, which might be beyond twenty-one years after the death of all the class living at the time when the will took effect. This probability, or at least possibility, renders void the trust so far as distribution to great-grandchildren at the time of the death of the last surviving grandchild is concerned, which entails intestacy as to the corpus."
Defendant urges that the cross-remainders set up under the will should not be treated as separate interests but as part of a single gift to grandchildren as a class. Assuming that they are, they still violate the rule against perpetuities.
Professor Gray in his treatise, above referred to, at page599, says:
"The Rule against Perpetuities is not a rule of construction, but a peremptory command of law. It is not, like a rule of construction, a test, more or less artificial, to determine intention. Its object is to defeat intention. Therefore every provision in a will or settlement is to be construed as if the Rule did not exist, and then to the provision so construed the Rule is to be remorselessly applied." *Page 528 
See 3 Walsh, The Law of Property 356, wherein it stated:
"If any possibility exists at the time the deed or will limiting the future interest takes effect that it may vest at too remote a time it is void, though the probabilities are strong that vesting will occur, and it actually does occur, well within the required limits."
The gifts to the grandchildren are so interwoven with the invalid gifts as to be inseparable therefrom and, therefore, the gifts to the grandchildren as well as to the great-grandchildren must fail. See Graves v. Graves, supra.
The defendant cites the cases of McGill v. Trust Company ofNew Jersey, 94 N.J. Eq. 657; affirmed, 96 N.J. Eq. 331; CamdenSafe Deposit and Trust Co. v. Scott, 121 N.J. Eq. 366; ThePennsylvania Company, c., v. Robb, 118 N.J. Eq. 529. In those cases the gifts to the grandchildren were quite distinct and separable. There was no single gift to grandchildren as a class as in the pending case with right of survivorship among the members of the class. The whole interest in each grandchild vested upon the death of the testatrix' children. It did not remain subject to augmentation at a possibly remote period as is true in the pending case.
I have, therefore, concluded that the gifts to the great-grandchildren violate the rule against perpetuities and that the gifts to the grandchildren with the cross-limitations to survivors also violate the rule. Therefore, it makes no difference whether the life estates of Frederick B. Tompkins and Bessie B. Pryor merge in their shares which they receive by the intestacy of the decedent or whether the testatrix died intestate. It seems to me that the will violates the rule against perpetuities and that the gifts of income are incidental to the principal object of the testatrix expressed in the codicil.
Therefore, one-third of the personal estate should be paid to the husband's estate together with such right of curtesy as may have existed in the real estate at the time of testatrix' death and the remaining estate should be distributed equally between the son and the daughter of the testatrix.
I shall advise a decree accordingly. *Page 529