Valentine v. Smith.

CALEB H. VALENTINE, executor &c., appellant,

v.

DANIEL H. SMITH et al., respondents.

A testator directed his executors to invest a fund and to pay to his widow, for life or widowhood, one-third of the interest thereof, and to his children and grandchildren, whom he named, the remaining interest in designated portions; that if any such child or grandchild should die without issue, the survivors should take such decedent's share in like portions; that, if any of them should die leaving lawful issue over twenty-one years of age, the executors should pay to the representatives of such decedent the principal on which such decedent had received the interest. One child died during the lifetime of the widow, leaving a daughter over twenty-one.—*Held*, that the executors could pay her the principal of her share on her producing the widow's release of her interest therein.

Appeal from decree of Morris orphans court.

*Mr. H. C. Pitney*, for appellant.

*Mr. A. C. Smith*, for respondent.

THE ORDINARY.

James Smith, late of Morris county, deceased, by his will directed his executors to convert all his property into money and invest the proceeds on bond and mortgage of real estate. He then ordered them to pay his wife, in lieu of dower, every year during her life, or so long as she should remain his widow, the one-third of the interest, and directed that the rest of the interest should be divided into twenty-five equal parts or shares, and directed his executors to pay to seven of his children three of those shares each, to one of his grandchildren one, and to two others one and a-half each, for their respective lives, and that at the death of his wife the interest given to her should be dis-

14

tributed among those children and grandchildren according to the provisions just mentioned, made in respect to the other part of the interest. He then provided that, should any of them die without leaving lawful issue surviving them, the shares of interest given to them should go to the survivors in the same manner and in the same ratio as therein before stated; and in case any of them should die leaving lawful issue over twenty-one years of age, his executors should pay to the representatives of such child or grandchild so dying the principal money of which such child or grandchild so dying received the interest. The executors converted the property and invested the proceeds. The widow is still living. One of the children, Mrs. Crater, has died, leaving a child, Mrs. Foster, over twenty-one years of age. After her mother's death, the executors, with the widow's consent, evidenced by her release, paid over to Mrs. Foster her share of the whole of the principal of the fund, and the question is, whether he should have allowance for such payment.

By the will, the testator, in effect, gives the interest of the whole fund to the children and grandchildren, whom he names, for life, subject to the gift of one-third of it to his wife during her widowhood. He provides that the shares may be increased by the death of any without leaving lawful issue surviving (and, in fact, they were so increased from twenty-fifths to sixteenths), and that in the case of the death of any leaving lawful issue of age, the issue shall have that share of the principal to the interest of which the parent was entitled. He expressly directs the executors, on the death of any, leaving such issue, to pay over such share of principal to such issue. Mrs. Foster's interest in three-sixteenths of the whole fund, vested in her on her mother's death, subject to the widow's right to the interest of one-third of it. That right has been extinguished by the widow's release. Neither Mrs. Foster nor the widow excepts. It is urged, on the part of the exceptants, that it was the testator's design to keep the fund undistributed until the death of the widow, and that to make any distribution of it before that time would be unjust to the widow and the parties in interest not receiving their shares, because the former is entitled to one-third

of the interest of the whole fund, and not to the interest of one-third of the fund, and she and they are entitled to have the whole fund kept intact until her death, in order that loss occurring to the fund from depreciation or mismanagement may be borne proportionately by all the parties interested. I see no evidence in the will of an intention on the part of the testator that the whole fund shall be kept undistributed until the widow's death. He certainly has not specifically declared it, but, on the other hand, he expressly provides that, on the death of any of the children or grandchildren leaving issue of the age of twenty-one years, the executors shall pay over the decedent's share of the principal. Had he intended that there should be no distribution until after his wife's death, it is reasonable to suppose that he would have guarded against it in connection with the provision just referred to. There is no ground for such construction. The suggestion that it is necessary to the equitable administration and distribution of the fund, in view of possible loss, that it should be kept intact until the widow's death, is not entitled to weight. *Wetmore* v. *Zabriskie, 2 Stew. Eq. 62*.

The decree of the orphans court will be reversed, with costs.