BENJAMIN C. BEIDEMAN et al.

*v.*

SAMUEL W. SPARKS et al.

[Filed January 10th, 1901.]

1. Where by a will there is a devise of title to a trustee to hold and invest the estate for the benefit of a wife during her natural life, with a remainder, giving the balance of the estate, upon the death of the wife, to the testator's children, and the widow refuses to accept the provisions for her benefit, her refusal defeats the trust created for her, and the time of enjoyment of the gift over to the children is accelerated, and they become at once entitled to possession under their remainder.

2. Equitable estates are in this court dealt with as legal estates, subject to the same incidents and consequences as, under the circumstances, attend upon similar estates at law.

3. Where the parties entitled under a will to the whole beneficial interest in an estate all join in an election to receive it as land rather than as money, and no superior equity appears, a trustee who holds the estate solely for the purposes of division will be decreed to convey to the beneficiaries as land, according to their interest under the will.

On demurrer to bill.

This cause is presented by a demurrer to the complainant's bill. All well-pleaded facts set up in the bill of complaint are therefore admitted to be true.

It appears by the bill that the complainants are all of the next of kin and heirs-at-law and ultimate devisees and legatees of Benjamin C. Beideman, deceased, who died on the 29th day of September, 1898, testate, leaving him surviving his widow, Ruthanna, and his children, the complainants. His will was proven in Camden county surrogate's office, and is set forth in full. The following is a copy:

"In the name of God, amen—I, Benjamin C. Beideman, of the township of Stockton, county of Camden, and State of New Jersey, being of sound mind, memory and understanding, for which blessing I thank God, do make and publish this, my last will and testament, in manner following, that is to say:

"*Imprimis.* It is my will and I do order my executors, hereinafter named, to pay all my just debts as soon as convenient after my decease.

"*Item.* I give, devise and bequeath unto my trustee, hereinafter named, all my estate, real, personal or mixed, wheresoever situate, with full and explicit authority and power to sell and dispose of the same or any part of the same as to him may seem meet and proper, and to make and execute such conveyance or conveyances as may be necessary, and I do hereby ratify and confirm the same.

"*Item.* I direct my trustee to invest as he shall think proper all or any of the money arising from the sale of any of my estate, and to pay the interest accruing therefrom as well as rents unto my beloved wife Ruthanna ———— during her life.

"*Item.* It is my will that my said trustee shall serve as such during the natural life of my said wife, Ruthanna ————, and at her decease to divide equally among all my children the balance of my entire estate, provided, however, that if there be any matter or things unsettled in my estate, then it is my will that such trustee shall continue his services until such matters are settled satisfactorily to his judgment, but it is my desire that so much of my estate as can be settled as my trustee may

think proper to be settled, shall be settled after the decease of my said wife. It is also my desire that my trustee shall sign all assignments, releases or other papers of such nature. whenever he finds it necessary so to do.

"*Item.* In case any of my children shall die, leaving them surviving' minor children, I' direct my trustee to pay to such minors such sum or sums of money as in his opinion should be paid for their education and support, all which to be deducted from my sons' or daughters' share, whose children they shall be.

"*Item.* It is my will that my son Richard Cooper Beideman shall have the option to take the farm whereon he now lives, near Westville, if he so desires, and that the same shall be valued at nine thousand dollars, and the sum of nine thousand dollars shall be deducted from his share when settlement shall be made by my trustee, provided, nevertheless, that the said farm shall remain a part of my estate during the natural life of my said wife.

"I hereby nominate, constitute and appoint Samuel W. Sparks, of the City of Camden, my trustee, with full power as aforesaid.

"I hereby nominate, constitute and appoint my three sons, Benjamin M. Beideman, Isaac W. Beideman and Richard Cooper Beideman, executors of this my last will and testament, to settle my debts and so forth, do such necessary things, but not to conflict with the duties I have hereinbefore laid out for .my said trustee.

"In witness whereof, I have hereunto set my hand and seal this twenty-third day of April, Anno Domini, eighteen hundred and ninety-eight.

"BENJAMIN C. BEIDEMAN." [L. S.].

. It further appears by the bill that Ruthanna Beideman, the widow of the testator, survived him, and that she signed and filed in Camden county surrogate's office her dissent and refusal to accept any devise, legacy or trust provided for her in her husband's will.

· The bill of complaint insists that the sole object of the will was to devise the income of the estate to the widow during her natural: life and the balance of the estate to the children at her death in fee; that the widow's refusal to accept this gift and . dissent from taking under the will has terminated the trust, leaving no further duty for the trustee to perform; that the complainants have notified the trustee of this termination of the trust, but that he, notwithstanding, contends that he remains trustee, and claims his right to act as such.

: The bill makes the trustee and also the widow defendants, and prays a decree that the trust has terminated, and that the trustee shall convey the legal title of the trust estate to the com-

Beideman *v.* Sparks.

plainants, who are devisees and legatees in remainder under the will.

The trustee demurs to the bill, because, he alleges, it states no case entitling complainants to either discovery or relief.

*Mr. George H. Peirce* and *Mr. David J. Pancoast,* for the demurrants.

*Mr. John F. Harned,* for the complainants.

GREY, V. C.

The obvious and expressed intent of the testator was that all his property, real and personal, should be enjoyed by his widow during her natural life, and that at her death it should be equally divided among his children, the complainants.

The trust and the vesting of the title in the trustee, the provision that he shall invest the money arising from sale of the estate, and that he shall pay over the interest and also the rents to the widow, and the direction that he "shall serve as such [trustee] during the natural life of my said wife, Ruthanna," are all of them prescriptions of the mode in which the dominant purpose of the testator to provide for the widow shall be effected.

The whole scheme of the will contemplates the payment of the income from the estate to the widow through the method of the trust. It is a fixed rule that equity will not suffer a trust to be defeated for want of a trustee, but it is equally well settled that there can be no trustee unless there be a trust to be executed.

The widow in this case has refused to accept the gift which the testator sought to bestow upon her by his will. Irrespective of her dissent as doweress from its provisions, she cannot, upon general principles, be compelled to be the recipient of a gift which she refuses to accept. The bill shows that the trustee has been notified of the widow's refusal. The counsel for the trustee, during the argument, contended that in the present status of the estate, the duty of the trustee to pay the income of the estate became obligatory only on the death of the widow, and that her declination of the testator's proffered gift did not in

any way accelerate the possessory rights of the children, who are, under the will, ultimate legatees and devisees of the estate. The effect of such a construction of the will and of the duty of the trustee would be to allow him to take the whole estate and receive all the income during the life of the widow, paying it to no one.

The case of *Reeves* v. *Troth,* very recently decided by Vice-Chancellor Reed, but not reported, is cited to support the claim that the refusal of a wife to accept a legacy is not equivalent to her death. In that case there was no refusal to accept the gift. The question there was whether, under the phrasing of Edward Burrough's will (which is wholly different from that under consideration), his widow, who had accepted a gift by will of the free use of a dwelling-house, had lost her right by going out of actual possession. The doctrine laid down in that case has no application here.

The will passed the legal title to the estate to the trustee during the life of the widow, with power of sale, but plainly, in order that the title and power of sale might be used for the more convenient administration of the estate in raising an income for the benefit of the widow. The whole will indicates that the testator contemplated and intended that at the termination of the interest of his wife in the estate, which he supposed would continue during her natural life, the trust should terminate, and his children should instantly come into the enjoyment of all the benefits. He intended no intervening period, during which the trustee would receive all the income and pay it out to no one.

The widow's refusal to accept the gift to her has defeated the testator's purpose. There is no trust for the trustee to execute, and therefore no reason why the estate should remain in his hands and control, against the plain intention of the testator, and contrary to the unanimous wish of all those who remain interested in the estate. Their time of enjoyment of the remainder devised by them, has, by the refusal of the life estate by the widow, been accelerated, and they are presently entitled to it.

The incident which calls for the application of this principle

is not of frequent occurrence, but the doctrine was accepted law three hundred years ago. In *Shelley's Case, 1 Coke 93 b;* it was declared that "under a limitation of a use, or a devise to A for life, remainder to B if A renounces, the remainder vests immediately." In *Fuller* v. *Fuller, Cro. Eliz. *423,* it was held that "the devise being void to the first [devisee], it is as it had never been made; so it is if the first devisees refuse, he in remainder shall have it presently." In *Newis* v. *Lark, 2 Plowd. *414,* the rule is thus stated: "If land is devised in tail, remainder in tail, and the first devisee disagrees, he in remainder shall have it."

That the legal title stands in the trustee does not prevent the application of the rule, where no further duty is charged upon the trustee than that of turning over the trust estate to the remainderman. In this court equitable estates are dealt with as legal estates, and are subject to the same incidents and consequences as, under like circumstances, attend upon similar estates at law. *Cushing* v. *Blake, 3 Stew. Eq. 695; Martling* v. *Martling, 10 Dick. Ch. Rep. 781,* both in the court of appeals.

The remaindermen, by the refusal of the widow, have become presently entitled to their interest in the estate. Nothing appears in the bill of complaint which shows that there is any reason for continuing the trust for any longer period than that within the consideration of the testator, namely, the time when the wife's interest ceased. So far as the face of the bill shows, the trustee has no other duty than to deliver the estate to the remaindermen. The trustee has, it is true, a power of sale, but the will does not order him to exercise it, and the intent of the testator appears to have been, as above stated, that the power, if exercised, should be used to raise money to be invested by the trustee to produce an income for the widow. That object has been defeated by the refusal of the widow. The trustee is directed, at the decease of the wife, to divide equally among all the children the balance of the estate. The testator, as above shown, considered that this division would be made immediately that the wife's estate ceased. She having refused the gift to her for life, those in remainder shall have it presently. There is a reference in the will to the continuance of the trustee's

services if, at the time of the wife's death, there be anything unsettled. If this provision has any significance, there is nothing in the bill of complaint to show that anything remains unsettled which can require a continuance of the trust.

The title to the testator's lands and personalty is, by the will, vested in the trustee. His holding is now solely for the complainants, who are, as residuary legatees and devisees, the equitable owners of the whole estate. They are also the heirs-at-law of the testator. They all agree that they elect to take the title to the estate, rather than a sale or a division by the trustee. No conversion has actually been made. On the face of the bill nothing is stated which should prevent them from having their election. By the bill they all ask that the trustee may be directed to convey to them the legal title which he holds solely for their benefit. This is their equitable right. *Story Eq. Jur.* § *793; Gest* v. *Flock, 1 Gr. Ch. 115; Fluke* v. *Fluke, 1 C. E. Gr. 480.* The trustee cannot, where there is no order to convert, defeat the election of the beneficiaries to take their gift as land. *Howell* v. *Tomkins, 15 Stew. Eq. 310.*

The bill of complaint appears to state a case which entitles the complainants to the relief that they ask. The demurrer should be overruled, with costs.