By the will of Joseph H. Derhamer, deceased, certain property was given to Camden Safe Deposit and Trust Company in trust to invest and pay to Emma M. Cory a certain amount monthly from either the income or principal, and at the death of Emma M. Corey to pay the remainder of the trust fund to complainants herein. Emma M. Corey has received the specified monthly payments up to this time and has now executed a release to defendant trust company whereby she exonerates that company from making further payments to her, and the remaindermen — complainants herein — now seek payment of the balance of the trust fund to them. *Page 42 
The single controversy is whether the release, terminating the trust duties to the life beneficiary, is operative to accelerate the distribution.
In this inquiry, as in other matters of testamentary administration, the intent of the testator must be ascertained and effect given to that intent. The specific inquiry in this class of cases is whether testator intended that distribution to the remaindermen should not be made in any event until the death of Emma M. Corey, the particular tenant, or intended that in the event of the particular estate's being in any way terminated before that time distribution should be accelerated. The language of the will is that "at the death of my said sister-in-law, Emma M. Corey, I direct my said trustee * * * to further pay over, transfer and deliver the balance of my residuary estate remaining after the payment of the above legacies, equally, share and share alike, to" the three complainants herein. No other provision of testator's will aids in the ascertainment of testator's intent in the respect named.
Although the language of the will refers to the death of the particular tenant as the time for distribution to the remaindermen, it is an established rule of construction of testamentary provisions of that nature that a testator will be presumed to have intended to give the property in remainder from and after the termination of the preceding estate in the absence of some controlling equity or an express or clearly implied provision in the will to the contrary; and accordingly the provisions for distribution at the death of the life tenant, standing alone, will be understood to relate to the termination of the precedent estate and accelerate distribution to remaindermen whose estates in remainder are vested. As specifically pointed out in Sherman v. Flack, 283 Ill. 457,
and in Holdren, Adm. v. Holdren, 78 Ohio St. 276, this established doctrine proceeds upon the supposition that, although the ultimate devise is in terms not to take effect in possession until the death of the life tenant, yet in point of fact it is to be read as a limitation of the remainder to take effect in every event which removed the prior estate out of the way. In *Page 43 Lainson v. Lainson, 18 Beav. 1, it is said that this doctrine rests upon authorities from the earliest period downward. See also Jull v. Jacobs (L.R.), 3 Ch. Div. 703; 21 C.J.p. 994.
The following decisions in this state will be found to give sanction to the views herein expressed. Macknet's Executors v.Macknet, 24 N.J. Eq. 277; Valentine, Executor v. Smith,34 N.J. Eq. 209; Beideman v. Sparks, 61 N.J. Eq. 226; affirmed,64 N.J. Eq. 374.
The suggestion has been made that the life tenant should have conveyed to the remaindermen instead of releasing the trustee trust company. I think not. The release is not questioned as to its validity and is clearly operative as a surrender of all interest of the life tenant or annuitant. Indeed, in Cummings
v. Hamilton, 220 Ill. 480, acceleration was denied because the life tenant had conveyed to the remainderman instead of having renounced her interests, the ruling being that a conveyance did not remove the estate; that to permit acceleration the precedent estate must be destroyed.
Distribution will be advised pursuant to the prayer of the bill.