The petition is by Gertrude L. Nilsson and Lucie L. Heisinger, only children of John Sherman Lyons, and prays for an order directing the clerk in chancery to pay to them certain moneys now on deposit with the clerk of this court and representing the proceeds of the sale of certain lands owned by Emma Jane Judge at the time of her death on March 17th, 1905. By the fifth and eighth clauses of the last will and testament of Emma Jane Judge, she devised as follows:
"Fifth. I give and devise to John Sherman Lyons, house and lot No. 155 West Side avenue, lots 153 and 154, corner West Side avenue and Ege avenue, lot 33 West Side avenue; lot No. 20 (being No. 213) Grand street, situate in Jersey City, State of New Jersey, as long as he may live, to use the interest and income of such real property, and after his decease I give and devise the same to his child or children, if any, and if the said John Sherman Lyons leaves no children or the descendants of any children surviving him, then and in that case I give and devise the said real property to the heirs of said John Sherman Lyons."
"Eighth. I give and devise to John Sherman Lyons that part of the real estate located at Toms River, Ocean county, New Jersey, upon which is situate the old house and the land described upon which the *Page 446 
old house is situated, so long as he may live, and after his decease I give and devise the same to his heirs as provided in the fifth clause or paragraph of this will."
Upon application of the life tenant the lands so devised were sold (in the matter of the application of John Sherman Lyons for sale of lands limited over — Docket 29, page 569; Docket 43, page 102), and the proceeds of such sale, amounting to $9,657.83, were deposited with the clerk of this court, since which the interest thereon has been paid periodically to John Sherman Lyons, the life tenant. On December 27th, 1929, the petitioners assigned to their father, the life tenant, the remainder interest in the subject of said devises and the life tenant thereupon petitioned this court for an order directing the payment of the principal of said fund and accumulated interest to him on the theory that the remainder, by virtue of said assignment, had merged with the life estate. This application was denied. On December 6th, 1932, John Sherman Lyons, the life tenant, together with his wife, reassigned said remainder interest to the petitioners and also renounced and released to them his life interest and all other interest in the subject to said devises "to the intent and purpose that said life interest be destroyed and merged in the remainder, and to the further intent and purpose of terminating said life interest or interest of the said John Sherman Lyons." Upon the filing of the present petition the matter was referred to one of the special masters of this court who has taken proofs and reported that the prayer of the petition should be granted. The matter now comes before the court on motion to confirm this report. I am unable to agree with the master and the master's report will be disaffirmed and the prayer of the petition denied. The decision of the court of errors and appeals in Schmeider v.Meyer, 97 N.J. Eq. 335, is dispositive of the question here involved. It was there held that "where the period of distribution is postponed until the termination of a life estate, then, although the estate in remainder vests in the children at the time of the testator's death, it is subject to be divested, if *Page 447 
the beneficiary dies before the time for distribution arrives," and that an assignment by the life tenant of the life estate to the remainderman, under the terms of such a devise, does not effect a merger of the two estates so as to make the corpus of the estate immediately distributable. L'Hommedieu v.L'Hommedieu, 98 N.J. Eq. 554, and Anthony v. Camden SafeDeposit and Trust Co., 106 N.J. Eq. 41, are cited in support of the petitioner's present claim. The first of these decisions, although subsequent to the decision of the court of errors and appeals above referred to, in so far as it is applicable to the present issue, may be disregarded. It was based upon the authority of the decision of this court, reported in 96 N.J. Eq. 69,
which was reversed by the decision of the court of errors and appeals above cited. The latter of these cases was decided by Vice-Chancellor Leaming in 1930, but it is not in point. There the will involved provided that "at the death of my said sister-in-law [the life tenant] I directed my said trustee * * * to further pay over, transfer and deliver the balance of my residuary estate * * * equally, share and share alike, to" the three complainants in that suit. Under that language the estate in remainder vested absolutely upon the death of the testator; but here, in the language of the court of errors and appeals above quoted, "although the estate in remainder vests in the children at the time of the testator's death, it is subject to be divested if the beneficiary dies before the time for distribution arrives." If the petitioners should die before the life tenant, other beneficiaries mentioned in the will will succeed to their rights. Nor is Sherman v. Flack, 283 Ill. 457;119 N.E. Rep. 293, cited by Vice-Chancellor Leaming, and also relied upon by the petitioners, applicable. There the life tenant immediately after the testator's death, renounced the benefit under the will. Here the life tenant has accepted, and enjoyed for many years, the benefits provided for him in the will. It is too late for him to renounce. Decree accordingly. *Page 448