BERTHA E. WALTER and JOHN F. WALTER, JR., complainants,

*v.*

WALTER THIELKE, CITIZENS FIRST NATIONAL BANK AND TRUST COMPANY OF RIDGEWOOD, NEW JERSEY, et al., defendants.

[Decided June 13th, 1940.]

*Mr. Peter Hofstra,* for the complainants.

*Mr. Walter W. Weber,* for the defendants.

*Mr. Charles K. Barton,* for the infant defendants.

LEWIS, V. C.

John F. Walter, Sr., died on March 14th, 1935, leaving him surviving his widow, Bertha E. Walter and his son, John F. Walter, Jr. After making certain bequests, none of which are here pertinent, he, by the sixth clause of his last will and testament, among other things, devised and bequeathed all of the residue of his estate to his executors and trustees, The Citizens First National Bank and Trust Company of Ridgewood, New Jersey, and Walter Thielke, in trust, however, to hold, manage, invest and re-invest, and, out of the income received therefrom, directed them

"to pay to my beloved wife, Bertha A. Walter, the net income thereof, the same to be paid to her in equal quarterly payments, during the remainder of her natural life, and upon the death of my said wife, Bertha E. Walter, then to pay the entire net income to my son, John F. Walter, Jr., for and during the remainder of his natural life, in quarterly payments, and upon the death of both my wife, Bertha E. Walter, and my son, John F. Walter, Jr., I give, devise and bequeath all the rest, residue and remainder of my estate, whether principal or income, in the hands of my said trustees, or the survivor of them, to the following relatives of my wife, namely: one-fourth to Herman Hoppe of Burgdam unter Breman, Germany; one-fourth to Adelaide Leopotts of Burgdam unter Breman, Germany; one-fourth to Meta Heinzenbuttel of Grankermore, Germany, and one-fourth to Card Hoppe of Voorbuch, Germany, to them, their heirs and assigns forever, they being nephews and nieces of my said wife."

On March 15th, 1939, the above named four remaindermen assigned their respective rights and interests under this will

to complainants, the above named life tenants, for the stated consideration of $2,000 to be paid to each of them in the manner therein set forth. Thereafter, complainants, as such life tenants, executed and delivered to the executors and trustees a written instrument, which, after referring to the hereinabove mentioned trust, reads as follows:

"We, Bertha E. Walter and John F. Walter, Jr., desiring to terminate said life estate and trusts, do therefore as life tenants aforesaid, in consideration of one dollar and other good and valuable consideration paid to us by the remaindermen and said executors and trustees, do hereby each, for ourselves, our heirs, executors and administrators, remise and release our respective life estates to which we have or may become entitled by virtue of the said last will and testament of said John F. Walter, Sr., so as to terminate said life estates, and we do hereby relieve, release and forever discharge the said Walter Thielke and The Citizens First National Bank and Trust Company of Ridgwood, New Jersey, executors and trustees aforesaid, from all further duties and obligations of their said office concerning our right, title, and interest in our respective life estates in said trust property. This release to take effect immediately and unconditionally."

By virtue of this release and the aforementioned assignment from the four remaindermen to them, complainants thereafter made demand upon the executors and trustees to turn over to them the entire trust estate upon the theory that, inasmuch as the will provides for vested remainders and the life estates created thereunder had, by the release of the life tenants, been terminated and extinguished, there was an acceleration of the time of enjoyment of said estate. Upon the non-compliance with their demand, complainants filed their present bill to have the will construed and the legal effect of both the assignment and the release determined.

The issue here presented is whether, under the facts of the case, the life estates can be terminated and extinguished by the release in question so as to make the vested remainder interests become immediately due and distributable, especially in view of the following provision contained in clause six of the will:

"Should any of the persons mentioned in this paragraph die before my wife, Bertha E. Walter and my son, John F. Walter, Jr., then the share so bequeathed to him or her, I give, devise and bequeath to the children of the person so dying."

The here considered release of the life estate from the life tenants to the executors and trustees is absolute, unconditional and immediately operative and, therefore, effectively terminated and extinguished the life estate created by the testamentary trust. *Pedrajas* v. *Bloomfield Trust Co., 101 N. J. Eq. 105; 137 Atl. Rep. 86; affirmed, 101 N. J. Eq. 803; 139 Atl. Rep. 18; Anthony* v. *Camden Safe Deposit and Trust Co., 106 N. J. Eq. 41; 141 Atl. Rep. 822.* And so, where, as here, a life estate, created under a testamentary trust and followed by a vested remainder payable on the life tenant's death, is terminated and extinguished, prior to the life tenant's death, by such a release, the question of whether the remainder becomes immediately due and distributable is to be governed and controlled by the testator's intent which is to be gathered and ascertained from the whole will and the surrounding circumstances.

Inasmuch as a careful consideration of the will and the surrounding circumstances fails to disclose any indication of a contrary intent, the testator, under the well settled rule of construction, must be presumed to have intended, and hence the will here under consideration will be interpreted to mean, that the distribution or payment to the remaindermen shall take place at the termination of the life estate, irrespective of the cause or means of such termination. *Beideman* v. *Sparks, 61 N. J. Eq. 226; 47 Atl. Rep. 811; affirmed, 64 N. J. Eq. 374; 35 Atl. Rep. 1132; Anthony* v. *Camden Safe Deposit and Trust Co., supra;* and notwithstanding the fact that such vested remainder is, by the hereinabove mentioned excerpt from clause six of the will, made subject to being divested in favor of the contingent substitutionary remaindermen in the event that any of the designated vested remaindermen predeceases both of the life tenants, the complainants herein.

The four remaindermen named in the will, having still been alive at the time of the termination and extinguishment of the life estates by the release from the life tenants to the executors and trustees, became entitled, upon such termination, to the complete exclusion of the contingent substitutionary remaindermen, to the distribution and payment **to**

them of the entire trust estate; and hence, complainants, as their assignees, are now entitled thereto.

A decree will be entered in conformity with the views hereinabove expressed.