A succinct statement of the significant events will adequately disclose the subject-matter of this cause. One Katherine Lee died testate on April 30th, 1935. In her will, she directed the payment of certain legacies and then disposed of the residue of her estate in this manner:
"Eighth; All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever the same may be situate, and of whatsoever the same may consist, I give, devise and bequeath to my friend, Elmer E. Eagon, and the Trenton Trust Company, in trust, to invest and as occasion requires reinvest the same, and pay the net annual income received therefrom to my grandchildren, Beverley Young and Muriel Young, in equal shares, during the term of their natural life, and upon the death of either of my said grandchildren, the survivor to receive the entire income during her life. Upon the death of the last survivor, then to divide and pay over my said estate to Katherine Anthony, James Edwin Lapp, and Julia LaVone, or the survivor of them, children of my brother, in equal shares."
The parties and their interests also may be briefly introduced. The defendants Elmer E. Eagon and Trenton Trust Company were nominated and duly qualified as executors and trustees. The life beneficiaries of the trust were the grandchildren of the testatrix and, moreover, they were her sole heirs and next of kin. The beneficiaries in remainder were children of a deceased brother of the testatrix. In 1938 a remainderman, James Edwin Lapp, died.
The present litigation has been occasioned by the circumstances that the two surviving beneficiaries of the estate in remainder executed on July 15th, 1941, an absolute assignment to the life beneficiaries of all their "estate, right, title, interest and claim whatsoever" as remaindermen "under the said Last Will and Testament of and in the Estate of Katherine Lee, deceased" and on September 16th, 1941, the life beneficiaries executed a release of their life estates in the trust. The stated object of the release is "to terminate said life estates forthwith." "This release and termination of said life estates to take effect absolutely, immediately and unconditionally."
Thereupon, the life beneficiaries tendered to the trustees the release accompanied by proof of the assignment previously *Page 576 
mentioned and requested the trustees to present their final account and distribute the corpus and any accumulations thereof to them. The trustees declined to comply with this request.
The life beneficiaries, who are now the assignees of the estates in remainder, have filed this bill to obtain a declaration of their rights in the existing circumstances. The assignors of the estates in remainder admit in their answer the factual allegations of the bill and they do not resist the desired termination of the trust and the distribution of the trust property to the complainants. The trustees do not refute the facts but they impugn their legal effectiveness in terminating the trust. The determination of the controversial issues in this cause is governed essentially by the decision of Vice-Chancellor Lewis in Walter v. Thielke, 127 N.J. Eq. 402;13 Atl. Rep. 2d 649.
Normally, where there is a testamentary gift of a life estate and a gift of the remainder after the termination of the life estate, the gift in remainder will be deemed vested immediately in the absence of some evidence in the will from which a different intent is implied. Simpkins v. Simpkins, 131 N.J. Eq. 227,230; 24 Atl. Rep. 2d 821, and cases therein cited; Walter v. Thielke, supra. This rule of law is always effectual where the enjoyment of the remainder is postponed solely to allow the present enjoyment of the life estates.Simpkins v. Simpkins, supra (at p. 231). It will be noted also that the rule applies to equitable as well as legal estates.Redmond v. Gummere, 94 N.J. Eq. 216; 119 Atl. Rep. 631; Cowan
v. Storms, 121 N.J. Law 336; 2 Atl. Rep. 2d 183; Post v.Herbert's Executors, 27 N.J. Eq. 540; Walter v. Thielke,supra.
A perusal of the will of the testatrix fails to elicit any reason for the postponement of the enjoyment of the gift in remainder other than the desire of the testatrix to bestow life estates upon her two grandchildren. The interests of the beneficiaries in the remainder were vested, subject to be divested by the death of any such beneficiary before the termination of the life estates. Upon the death of Lapp, the entire remainder became vested in Katherine Anthony and *Page 577 
Julia LaVone, the survivors, and their assignment was an effectual transfer to the complainants of their interests and estates.
The release of the life tenants in the present case is in its material substance identical with the releases executed inAnthony v. Camden Safe, c., Co., 106 N.J. Eq. 41;149 Atl. Rep. 822; Bennett v. Fidelity Union Trust Co., 123 N.J. Eq. 198; 196 Atl. Rep. 375; Simpkins v. Simpkins, supra; Walter v.Thielke, supra, and is absolute, unconditional and immediately operative and therefore, it effectively terminated and extinguished the life estates created by the testamentary trust.
In Walter v. Thielke, supra, it was held in considering a similar testamentary trust that, in the absence of a manifest intent to the contrary, the will should be interpreted to mean that the distribution or payment to the remaindermen shall take place at the termination of the life estate, irrespective of the cause or means of such termination, and that this rule of construction is applicable notwithstanding the fact that the vested remainder is made subject to being divested in favor of the surviving remaindermen in the event that any of the designated vested remaindermen predeceases the life tenants. See, also, Beideman v. Sparks, 61 N.J. Eq. 226; 47 Atl. Rep. 811;affirmed, 64 N.J. Eq. 374; 35 Atl. Rep. 1132; Anthony v. CamdenSafe, c., Co., supra; Bennett v. Fidelity Union Trust Co.,supra.
In consequence of the execution and delivery of the release by the life tenants to the trustees, the two remaindermen became entitled, upon the termination of the life estates, to the distribution to them of the entire trust property. By virtue of their assignment, the complainants, as assignees, are now entitled to receive it.
An accounting by the trustees will serve to reveal thequantum and present character of the trust property and enable the trustees to receive commissions and fees of counsel before undertaking the actual distribution between the complainants.
A decree will be advised in conformity with the conclusions here expressed. *Page 578